D. C. STOVER, APPELLEE, V. JAMES TOMPKINS ET AL., APPELLANTS.

[FILED APRIL 13, 1892.]

| 34 | 465 |
| 38 | 497 |
| 34 | 465 |
| 50 | 757 |
| 52 | 121 |
| 52 | 402 |
| 53 | 579 |
| 55 | 440 |
| 34 | 465 |
| 58 | 804 |
| 34 | 465 |
| s61 | 875 |

1. **Mortgages**: ASSUMPTION BY VENDEE: FORECLOSURE. Where a grantee of real estate has assumed in the deed of conveyance a certain mortgage as part of the consideration, and in the action to foreclose had been made a defendant and a decree rendered against him that he should be liable in case of deficiency, which decree remained unreversed and without modification, he will not be permitted, when judgment for deficiency is sought, to set up facts which existed when the original decree was obtained and should have been pleaded, to show that he was not liable.

2. ———: ———: ——— SUBROGATION. Where a person assumes a mortgage upon real estate as a part of the consideration and conveys the same to another, who assumes such mortgage as a part of the consideration, the first grantee stands as surety for the second grantee, and if compelled to pay the debt may recover from the latter.

APPEAL from the district court for Hamilton county.

33

*Kellogg & Graybill,* for appellant, cited: Pomeroy, Remedies, sec. 337; *Curtis v. Tyler,* 9 Paige Ch. [N. Y.], 432; *King v. Whiteley,* 10 Id., 465; *Klapworth v. Dressler,* 78 Am. Dec. [N. J.], 69, and note; Jones, Mortgages, secs. 755, 758, 760; Boone, Id., sec. 128; *Keller v. Ashford,* 133 U. S., 610; *Shamp v. Meyer,* 20 Neb., 226; *Crowell v. Hospital,* 27 N. J. Eq., 655; *Biddell v. Brizzolara,* 64 Cal., 361; *Stuart v. Worden,* 42 Mich., 154; *Vrooman v. Turner,* 69 N. Y., 280; *Dunning v. Leavitt,* 85 Id., 35; *Simson v. Brown,* 68 N. Y., 355; *Garnsey v. Rogers,* 47 N. Y., 233; *Lake Ont. R. Co. v. Curtiss,* 80 N. Y., 223; *Natl. Bank v. Grand Lodge,* 98 U. S., 123; note to *Austin v. Seligmen,* 18 Fed. Rep. [N. Y.], 523; *Merriman v. Moore,* 90 Pa. St., 78; *Dean v. Walker,* 107 Ill., 540; *Northern Dispensary v. Merriam,* 59 How. Pr. [N. Y.], 226; *Waring v. Somborn,* 82 N. Y., 604; *Bull v. Titsworth,* 29 N. J. Eq., 73; *Conlan v. Grace,* 30 N. W. Rep. [Minn.], 883; *Clapp v. Maxwell,* 13 Neb., 542; Maxwell, Pl. & Pr., 599, 600.

*A. W. Agee,* contra, cited: *Cooper v. Foss,* 15 Neb., 516; *Bond v. Dolby,* 17 Id., 491; *Keedle v. Flack,* 27 Id., 836; *Rockwell v. Bank,* 31 Id., 128; *Milliani v. Tognini,* 7 Pac. Rep. [Nev.], 279; *Merriman v. Moore,* 90 Pa. St., 80; *Putney v. Farnham,* 27 Wis., 187.

MAXWELL, CH. J.

This action was brought in the district court of Hamilton county to foreclose a mortgage executed by Tompkins and wife upon certain real estate. This mortgage was afterwards transferred to the plaintiff. The mortgaged premises were conveyed by Tompkins and wife to A. J. Spanogle, and by him conveyed to Stark, who it is claimed assumed the mortgage. Stark conveyed to one Neiman who assumed the mortgage. These facts were set forth in the petition to foreclose. Service was had upon Neiman

by publication.  Stark demurred to the petition, which de-murrer was overruled, and he stood upon his demurrer. A decree was thereupon rendered, finding Stark liable for a deficiency.  The concluding portion of said decree is as follows : " It is further ordered and decreed that if the money arising from said sale shall be insufficient to pay the amount due to the plaintiff, with interest and costs, that said sheriff shall specify the amount of such deficiency in his report of such sale, and that upon the confirmation of such report the plaintiff will be entitled to apply to the court for an order that the defendants James Tompkins, Miranda E. Tompkins, Wm. L. Stark, and John Neiman, the persons who are personally liable for the debt secured by said mortgage, pay to the said plaintiff the amount of such deficiency, with interest thereon from the date of such report, and that the plaintiff have execution therefor." This decree is still in full force and effect.  The mortgaged premises were duly sold under the decree for less than the amount of the mortgage debt, whereupon the court ren-dered judgment against Stark for such deficiency, and this is the error complained of.

The remedy of Mr. Stark, if he have one, is to ask for a modification of the decree of foreclosure.  It may be too late to apply for relief in that respect.  That question is not before us, and will not be determined.  As between Stark and Mr. Neiman, he is merely a surety, and no doubt may recover from Neiman whatever sum he may be compelled to pay.  The rule is stated in *King v. Whitely*, 10 Paige Ch. [N. Y.], 467 : " In *Halsey v. Reed* (9 Id., 446) I came to the conclusion that the acceptance by the grantee of a conveyance which contained a recital that he was to pay off and discharge an existing incumbrance upon the premises conveyed, as in this case, was evidence of such an agreement between him and the grantor, although the grantee had not himself executed the conveyance.  It was also decided in that case, as well as in the previous case of

*Curtis v. Tyler* (9 Paige Ch. [N. Y.], 432), that where the grantor in such a conveyance was personally liable for the payment of the incumbrance, the grantee became the principal debtor by such an agreement, and that the grantor stood in the situation of a mere surety for him, as to the payment of such incumbrance, so as to give the holder of the incumbrance a right in equity to the grantee for payment, if the premises upon which it was a lien should prove insufficient for that purpose." This, no doubt, is the law, and it is unnecessary to cite additional authorities to sustain it. There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.