HENRY O. DEVRIES V. J. W. SQUIRE, TRUSTEE, ET AL.

FILED JUNE 23, 1898. No. 8189.

1. **Deficiency Judgment:** MORTGAGES. A deficiency judgment in an action to foreclose a real estate mortgage under the provisions of our Code of Civil Procedure, as it existed prior to the legislative session of 1897 (see Code of Civil Procedure, sec. 847, Compiled Statutes 1895), could not be rendered until the "coming in of the report of the sale" of the mortgaged property.

2. ———: ———: PLEADING. If by facts pleaded in the petition and relief prayed thereon, and by answer filed, issue was joined relative to the liability of a debtor for any deficiency, the determination by finding in the original decree of such issue was proper and of force.

3. **Ruling on Motion for New Trial:** EXCEPTIONS: REVIEW. To obtain a review in this court of points properly presented in the trial court by a motion for a new trial there must be an exception to the order of the trial court by which the motion was denied.

ERROR from the district court of Douglas county. Tried below before DUFFIE, J. *Affirmed.*

*G. W. Shields* and *F. C. O'Hollaren,* for plaintiff in error.

*George E. Turkington, contra.*

HARRISON, C. J.

In this, an action of foreclosure of a real estate mortgage, it was pleaded in the petition that the plaintiff in error, subsequent to the execution by the then owners of the mortgage in suit, purchased the mortgaged property, and that in the instrument of conveyance to him there was a clause in reference to the premises in which it was stated that the grantee assumed and agreed to pay the mortgage debt by which the plaintiff in error became obligated and bound. A sale of the mortgaged property, the application of the proceeds to the payment of the debt, and judgment against certain parties, inclusive of the plaintiff in error, for any deficiency was prayed. The plaintiff in error answered and denied that he had assumed and agreed to pay the debt. By the decree rendered in the cause the amount of the debt was stated, and also that for any deficiency designated parties, of whom was the plaintiff in error, should be liable. After sale and confirmation thereof a motion was made for a deficiency judgment against the plaintiff in error, which was resisted in his behalf. Evidence was taken on the subject of his liability for the payment of the amount of deficiency, and judgment was rendered against him therefor, of which he seeks a reversal in the present error proceedings.

It is asserted for the plaintiff in error that the jurisdiction of the district court to render a deficiency judgment in the action was purely statutory, and by statute the adjudication of a recovery of a deficiency could not be until after the "coming in of the report of the sale." (See Compiled Statutes 1895, sec. 847, Code of Civil Procedure.) This is correct, but in this case there was no allowance of a recovery of the deficiency until after the report and confirmation of the sale. It is true the court did fix, by its decree, who should be liable for any deficiency, but it did not then render any judgment for the amount thereof against them. Against whom the lia-

bility might be rendered was of the issues in the cause, and, as was entirely proper, was determined and became of the settled matter of the litigation. (*Stover v. Tompkins*, 34 Neb. 465; *Kloke v. Gardels*, 52 Neb. 117.)

The question of the liability of the plaintiff in error for the deficiency, as we have before stated, was heard after the confirmation of the sale, and it is asserted for the plaintiff in error that the finding and judgment of the trial court, to the effect that the plaintiff in error was liable for the deficiency, was not sustained by, or was contrary to, the evidence. If it be conceded that a trial of the question was, at the time it occurred, proper herein, which we need not and do not decide, the plaintiff in error cannot be heard in this error proceeding, for the reason that he did not except to the order of the court by which the motion for a new trial was overruled. (*Van Etten v. Medland*, 53 Neb. 569, and citations therein.) It follows that the judgment of the trial court will be

AFFIRMED.