GEORGE B. LASBURY, APPELLEE, v. THOMAS H. MC-CAGUE, RECEIVER, APPELLANT.

FILED OCTOBER 5, 1898. No. 8251.

1. Municipal Corporations: STAGNANT WATER ON PRIVATE LOT: COST OF ABATING NUISANCE. The power conferred by section 29, chapter 12a, Compiled Statutes 1895, upon the authorities of a city

of the metropolitan class to levy the costs and expenses of draining, filling, or grading a lot to prevent stagnant water accumulating thereon and becoming a nuisance is contingent upon the failure of the owner of the lot to fill, drain, or grade the same when so requested. The law contemplates that the city request the owner to perform the work, and if he fail to do so, the city can cause the premises to be drained or filled and assess the cost thereof against the property.

2. ———: SPECIAL TAXES: VALIDITY: BURDEN OF PROOF. Where the owner of a city lot institutes an action to have declared void certain special taxes assessed against the lot, the burden is upon him to establish the invalidity of said tax.

3. ———: ———: ———: NUISANCE. A special tax assessed by a city on the lot of a citizen to pay the costs of abating a nuisance created by the municipality on the same lot will not be sustained in equity.

4. ———: ———: ———. The invalidity of a special tax levied by a municipal corporation against the lot of an individual is ordinarily as available to the subsequent purchaser of the property as to one who was its owner when the assessment was imposed.

APPEAL from the district court of Douglas county. Heard below before KEYSOR, J. *Affirmed.*

The opinion contains a statement of the case.

*Saunders & Macfarland* and *Ralph W. Breckenridge,* for appellant:

Plaintiff was not the owner of the lot when the assessment was made, and cannot urge its invalidity. (*Cheney v. Dunlap,* 27 Neb. 401.)

The proceedings under which the tax was levied are regular. (*Douglas v. State,* 4 Wis. 403; *Shaw v. Cummiskey,* 7 Pick. [Mass.] 76; *People v. Townsend,* 3 Hill [N. Y.] 479; *Story v. Hammond,* 4 O. 376; *Baumgartner v. Hasty,* 100 Ind. 575; *North Chicago City R. Co. v. Town of Lake View,* 105 Ill. 207; *King v. Davenport,* 98 Ill. 305.)

The abatement of the nuisance was a legitimate exercise of police power. (*Smiley v. MacDonald,* 42 Neb. 5; *Chicago, B. & Q. R. Co. v. State,* 47 Neb. 549; *Lawton v. Steele,* 119 N. Y. 226; *Hagar v. Supervisors of Yolo County,* 47 Cal. 222; *Donnelly v. Decker,* 58 Wis. 461; *State v.*

*City of Newark*, 27 N. J. Law 185; *City of Charleston v. Werner*, 38 S. Car. 488.)

*Byron G. Burbank, contra:*

The special assessment for filling the lot was illegal, null and void, because no request was made upon the owner before the filling was done. (*Horbach v. City of Omaha*, 54 Neb. 83.)

A city cannot create a nuisance upon plaintiff's lot and compel him to abate it. (*City of Hannibal v. Richards*, 82 Mo. 330; *Weeks v. City of Milwaukee*, 10 Wis. 186.)

The proceedings under which the special assessment was levied are null and void and a usurpation of the judicial power of courts. (*Cale v. Kegler*, 19 N. W. Rep. [Ia.] 843; *Tissot v. Great Southern Telegraph & Telephone Co.*, 39 La. Ann. 996; *Hutton v. City of Camden*, 10 Vroom [N. J.] 122; *Yates v. City of Milwaukee*, 10 Wall. [U. S.] 498.)

NORVAL, J.

The east 60 feet of the south half of lot 8, in block 1, in Park Place, an addition to the city of Omaha, abuts upon Burt street, in said city. The authorities of the city of Omaha caused said street to be graded in front of said premises to the established grade. Appraisers were appointed to assess the damages to abutting property owners by reason of said grading, who found and reported that no damages were occasioned by the improvement, which report was thereafter approved and confirmed by the city council, and no appeal therefrom was taken. The bringing of the street to the established grade caused the water in a small stream which flowed adjacent to said premises, and also the surface water of the neighborhood, to back upon said property, and to become stagnant. Subsequently, an ordinance was passed by the city declaring the premises a nuisance by reason of the existence of stagnant water thereon, the city authorities caused the lot to be filled with earth,

and, by ordinance, levied the cost thereof, to-wit, $262.50, upon said lot. Afterwards the county treasurer of Douglas county sold the premises for taxes to E. B. Baer, and issued to him a certificate of tax sale therefor, who, as the holder of said certificate of sale, paid the said sum of $262.50, to redeem the lot from the special assessment levied by the city of Omaha as aforesaid. Thomas H. McCague, receiver, is the owner of said tax certificate and all rights thereunder. George B. Lasbury, who purchased said premises subsequent to the tax sale and the levy of said special assessment, brought this action to declare invalid the said special tax levied for the purpose aforesaid. From a decree in favor of plaintiff the defendant appeals.

It is strenuously insisted by counsel for plaintiff that the special assessment in dispute is illegal because no request was made upon the owner of the lot to fill the same before the filling of the property by the city. This contention is predicated upon section 29, chapter 12a, Compiled Statutes 1895, known as the "Charter of Cities of the Metropolitan Class," which reads as follows: "The mayor and council shall have power to require any and all lots or pieces of ground within the city to be drained, filled or graded, so as to prevent stagnant water, banks of earth, or any other nuisance accumulating or existing thereon; and upon the failure of the owners of such lots or pieces of ground to fill, drain, or grade the same when so required, the council may cause such lots or pieces of ground to be drained, filled, or graded, and the cost and expense thereof shall be levied upon the property so filled, drained, or graded and collected as other special taxes." This provision contemplates that a lot owner in the city of the class to which Omaha belongs is entitled to notice before said section can be enforced against him, since the power therein conferred upon the city to levy the costs and expenses of draining, filling, or grading his premises is contingent "upon the failure of the owner of such lots or pieces of ground to fill, drain, or grade

the same when so required." This language clearly implies that the citizen must have been requested by the city to fill his lot, and he must have failed to comply with the demand before the municipal authorities can perform the work, and assess the costs thereof against the property. The petition, it is true, alleges "that no power or authority existed in said city council to levy any assessment upon or against the above described premises for the purpose of paying for the filling of said lot as herein set forth, and that no notice was ever given to the owner of said lot of said proceeding; and this plaintiff alleges that all and singular of the proceedings had in connection therewith, from the passage of the original ordinance as herein set forth and mentioned to the levying of said assessment, are utterly void and of no force and effect whatsoever." Conceding, for the present purposes, without deciding the point, that these averments sufficiently plead the want of a demand by the city that the lot be filled, a sufficient answer to plaintiff's argument is that said allegations of his petition were put in issue by express denials in the answer of the defendant; and the stipulation of facts found in the record, and upon which the trial court based its finding and decision, is entirely silent upon the question whether the city requested the owner of the lot in controversy to fill the same. So the averment of the petition relied upon to tender the issue is not established by the proofs. The general rule in this state is, and we have so declared, that when it is sought to foreclose a lien against real estate for the non-payment of special taxes or assessments, there is no presumption that the statute relating to their levy and assessment has been complied with, but the burden is upon the person asserting the lien to establish its validity. (*Smith v. City of Omaha*, 49 Neb. 883; *Leavitt v. Bell*, 55 Neb. 57; *Equitable Trust Co. v. O'Brien*, 55 Neb. 735.) The same rule does not obtain where, in a case like the present, the property owner comes into a court of equity asking that certain special taxes be de-

clared invalid and not a lien upon the premises against which they were assessed, since he predicates his right to affirmative relief on the ground that the taxes are void, and the burden rests upon him to establish their invalidity. Before he can have the title to his lots quieted he must be able to show that the special taxes constituted no lien upon the property.

In the briefs and at the bar counsel on either side ably argued, among others, the following propositions:

1. Is the determination whether a nuisance exists or not a judicial question?

2. Has a city council the power to determine what constitutes a nuisance?

3. Was the levy of the special assessment in question a violation of section 6, article 9 of the constitution of this state?

4. Is the abatement of a nuisance by a city a legitimate exercise of the police power of the state?

5. Can a city create a nuisance upon the lot of an individual and abate it at his costs and expense?

In our view the last proposition alone requires consideration, as the determination thereof is decisive of t. case. It is stipulated in the agreed statement of facts that the city of Omaha graded Burt street from Thirtieth to Thirty-sixth streets, and "that prior to the grading of said Burt street, a small stream of water fed by springs in the block immediately southwest of the premises above described flowed adjacent to said premises; that the grading of said Burt street stopped the outflow of said creek and formed a dam so as to prevent the water from escaping, and thereby caused the water which rose from said small stream and other surface water of the immediate neighborhood to back up and collect upon the above described premises, which it would not have done but for the grading of said Burt street, as aforesaid." It requires no argument to show that whatever nuisance existed on the lot in dispute by the reason of the accumulation of stagnant water was

directly chargeable to the city of Omaha. The foregoing quotation from the written stipulation of facts makes it perfectly plain that the nuisance abated by the city was created by its agents. This being so, to permit the city to assess the costs and expenses of abating the nuisance it created against plaintiff's lot would, indeed, be a reproach upon the law. If this special tax can be upheld in an equitable proceeding, then, by a parity of reasoning, one who creates a nuisance upon the land of his neighbor may have it abated at the expense of the latter and a court of equity could not afford relief. The mere statement of the proposition shows its absurdity.

The doctrine that a municipal corporation which has created a nuisance upon the lot of an individual cannot then assess the costs of abating the same against the property, is sustainable upon the plainest principles of equity, and is fortified by authority. In *City of Hanibal v. Richards*, 82 Mo. 330, the city constructed an embankment in the street in front of defendant's lots, which occasioned the water to accumulate on them and injuriously affect the health of the city. The defendant having refused to comply with an ordinance requiring him to fill the lots, the work was done by the city, and it brought an action to recover the cost and expense thereof. The court say: "Now, we are asked to hold, also, that the city may create a nuisance upon the lot of an individual, and then have it abated at his expense, if he refuse to do it when ordered. As well at once declare that one can acquire any rights to town or city lots which the municipal corporation is bound to respect. The city cannot create a nuisance upon the property of a citizen and compel him to abate it. * * * At a trifling expense at the time plaintiff passed the ordinance requiring these lots to be filled the pond could have been drained, and but for the neglect of the plaintiff to make such drain the nuisance complained of would never have existed. The judgment is reversed and the cause remanded. All concur." In *Weeks v. City of Milwaukee*, 10 Wis. 186, the

defendant city graded an alley adjoining, and made a fill in the street in front of plaintiff's lots, causing the water to flow and remain stagnant thereon, and a special tax of $498.75 was levied upon the lots by the city, $111.25 of which was to pay for the grading, and $387.50 for abating the nuisance created by the city as aforesaid. Plaintiff instituted an action to restrain the collection of the special assessment, and the trial court held the nuisance tax illegal, which view was sustained by the supreme court on a review of the case. Paine, J., in delivering the opinion of the court said: "I am also of the opinion that the tax assessed against the plaintiff's lots to abate a nuisance, which, it appears, was created entirely by the act of the city, in so constructing a street as to cause the water to flow and remain upon the lots, which it would not otherwise have done, is illegal. I cannot recognize the right of a corporation to create a nuisance on the lot of an individual. But to create the nuisance, and then tax him to abate it, is a double wrong. I shall not attempt any examination of the question upon authority, but I am satisfied such a right cannot be sustained. I think this conclusion results from the reasoning of Mr. Justice Smith in *Goodall v. Milwaukee*, 5 Wis. 32, which I fully approve. And until I am prepared to say that private rights must yield, even to the extent of total destruction, rather than place any impediment in the way of whatever proceedings corporations may see fit to take, I cannot say that a city may create a nuisance on the lot of a citizen without making him any compensation for the damage, and then tax him to abate it." The conclusion is irresistible that where by a neglect of a city to provide proper sewerage in the grading of a street a nuisance is created upon a private lot by the accumulation thereon of stagnant water, and the nuisance is abated by the city, an assessment upon the lot of the costs and expense of the work will not be sustained in equity.

There is no presumption that the lot owner was

awarded compensation for the expense of filling his premises with earth by the appraisers selected to ascertain his damages resulting from the grading of Burt street, for two reasons: First, it is expressly stipulated that the appraisers allowed him no damages whatever; secondly, the appraisement was made before the street was graded, and the appraisers could not have known beforehand that the city would so negligently perform the work as to create a nuisance upon the property in question. The expense of abating the nuisance was not an element to be considered by the appraisers. This follows from the holding by this court that an action at law will lie against a municipal corporation to recover damages resulting from the negligence or unskillfulness of its officers or agents in the construction of a public improvement by which there is cast surface water upon the lot of a citizen. (*City of Beatrice v. Leary*, 45 Neb. 149.)

It is insisted that plaintiff is not in a position to urge the invalidity of this special tax, inasmuch as he was not the owner of the lot at the time the same was imposed, and counsel cite the usury cases which hold that the person contracting to pay unlawful interest alone can plead the invalidity of the agreement. Those cases are not analogous. The defense of usury is personal to the borrower, his sureties and privies, who may waive it, therefore the purchaser of the equity of redemption, being neither a surety, nor in unity with him or the borrower, cannot plead usury in the contract. A tax levied against land for a public improvement attaches to, and follows, the property, and the defense that the assessment was illegal is not personal to the person who at the time was the owner of the property, but ordinarily is available to the subsequent purchaser. The decree is

AFFIRMED.