HENRY ALBERS, APPELLEE, V. CITY OF OMAHA,
APPELLANT.

56  357
58  431

FILED OCTOBER 20, 1898.  No. 8343.

Appeal: TIME TO FILE TRANSCRIPT. This court is without jurisdiction
    to hear a case on appeal unless the transcript of the record is
    filed here within six months after the rendition of the judgment
    or final order sought to be reviewed.

APPEAL from the district court of Douglas county.
Heard below before AMBROSE, J. *Dismissed.*

*W. J. Connell* and *E. H. Scott,* for appellant.

*William D. Beckett* and *Wharton & Baird, contra.*

NORVAL, J.

The board of public works of the city of Omaha, in
pursuance of an ordinance passed by the mayor and
council, caused the lots of Henry Albers to be filled with
earth for the purpose of abating a nuisance occasioned
by the existence of stagnant water on the property. A
special tax was levied against the lots by the city author-
ities to defray the cost of the work, and this action was
instituted in the court below to enjoin the enforcement of
said tax. A trial on the merits resulted in a decree in
favor of plaintiff, and the city has brought the record
here for review.

The cause is docketed in this court as an appeal.
While the city attorney has filed a paper assigning cer-
tain errors in the record and proceedings, he has treated
the case in the brief filed as being here on appeal. The
decree was rendered in the district court on May 13, 1895,
and the transcript was not filed with the clerk of this
court until March 5, 1896. The cause was not docketed
in the time prescribed by statute for prosecuting appeals
to this court, as more than six months had elapsed be-
tween the entering of the decree and the lodging of the

transcript in this court. (*Withnell v. City of Omaha,* 37 Neb. 621.)

The practical result to the city would be no more favorable if the cause should be treated as being here on error. The assessment was assailed, and it was held invalid, because plaintiff had never been notified that his lot had been declared a nuisance, and that he was given no opportunity to abate the same himself. It has been ruled that under the charter governing the city of Omaha the owner of a lot is entitled to notice from the municipal authorities of the purpose to fill his lot, and an opportunity to make the improvement himself, and a special tax to pay for the work is invalid where such notice and opportunity have not been given. (*Horbach v. City of Omaha,* 54 Neb. 83; *Lasbury v. McCague,* 56 Neb. 220.) Whether this plaintiff received notice to fill his lot was the issue tendered by the pleadings, and whether the same was established or not was solely a question of fact to be determined from a consideration of the evidence adduced on the trial. The city filed no motion for a new trial; hence it is not entitled to have the evidence reviewed to ascertain whether it sustains the findings and decree. (*Losure v. Miller,* 45 Neb. 465; *Gray v. Disbrow,* 36 Neb. 857; *Scroggin v. National Lumber Co.,* 41 Neb. 195; *Brown v. Ritner,* 41 Neb. 52.) So that if the cause was properly here on error, the decree would necessarily be affirmed for want of a motion for a new trial. However, as the appeal was not docketed in time, it is

DISMISSED.