FREDERICK SMITH ET AL., APPELLEES, v. HENRY H. SIL-
VER ET AL., APPELLANTS.

FILED APRIL 6, 1899. No. 9970.

1. Appeal: TIME TO FILE TRANSCRIPT: JURISDICTION. This court is without jurisdiction to determine an equity cause on appeal when the transcript is not filed with the clerk of said court within six months from the entry of the decree or final order sought to be reviewed.

2. ———: MOTION FOR NEW TRIAL. A motion for a new trial is not essential to a review of an equity cause.

3. ———: ———: TIME TO FILE TRANSCRIPT. The filing of a motion for a new trial will not extend the time for prosecuting an appeal. The time for taking an appeal begins to run from the date of the entry of the decree or final order, and not from the overruling of the motion for a new trial.

APPEAL from the district court of Gage county. Heard below before LETTON, J. Submitted on motion to dismiss appeal. *Dismissed.*

*Wolfenbarger & Williams* and *Hazlett & Jack,* for appellants.

*George A. Murphy, contra.*

NORVAL, J.

On March 27, 1897, a decree was rendered in this cause in the court below foreclosing a real estate mortgage, and within three days thereafter the defendants filed a motion for a new trial, assigning various statutory grounds therefor, which motion, on September 27, 1897, was overruled. On March 24, 1898, the defendants filed a transcript of the record, and the bill of exceptions, duly authenticated, in this court for the purpose of reviewing the cause on appeal. Plaintiff moved a dismissal of the appeal on the ground that the same was not taken in time.

It will be observed that the appeal was not lodged in this court within six months from the entry of the decree, but was filed within that period of time from the date of the ruling on the motion for a new trial. The question of practice involved is whether the time within which an appeal may be perfected dates from the decree or from the overruling of the motion for a new trial, and the determination thereof necessitates a consideration of the provisions of section 675 of the Code of Civil Procedure, and certain adjudications of this court. Said section 675 follows: "That in all actions in equity either party may appeal from the judgment or decree rendered or final order made by the district court, to the supreme court of the state; the party appealing shall, within six months after the date of the rendition of the judgment or decree, or the making of the final order, procure from the clerk of the district court and file in the office of the clerk of the supreme court a certified transcript of the proceedings had in the cause in the district court, containing the pleadings, the judgment, or decree rendered or final order made therein, and all the depositions, testimony, and proofs offered in evidence on the hearing of the cause, and have said cause properly docketed in the supreme court; and on failing thereof, the judgment or decree rendered or final order made in the district court shall stand

and be proceeded in as if no appeal had been taken." This statute limits the time to six months within which an appeal in an equity cause may be taken, and this period dates from the rendition of the decree, or judgment, or the entry of the final order. This court is without jurisdiction to determine a case on appeal where the transcript of the proceedings in the trial court is not filed here within the six months. (*Withnell v. City of Omaha*, 37 Neb. 621; *Omaha Loan & Trust Co. v. Ayer*, 38 Neb. 891; *Moore v. Waterman*, 40 Neb. 498; *Albers v. City of Omaha*, 56 Neb. 357.) An exception to the rule stated has been recognized and applied where the appellant, without fault or laches, is prevented from having his appeal docketed within the statutory period, solely through the neglect or failure of the clerk of the trial court to make a transcript of the proceedings. Such omission will excuse the filing of the appeal out of time. (*Continental Building & Loan Ass'n v. Mills*, 44 Neb. 136.)

It is argued by counsel for appellants that the time within which the appeal should be filed begins to run from the overruling of the motion for a new trial, and not from the rendition of the judgment, and *Sharp v. Brown*, 34 Neb. 406, is cited in support of this contention. In that case it was held, overruling *Hollenbeck v. Tarkington*, 14 Neb. 430, that a proceeding in error may be instituted within one year from the overruling of the motion for a new trial. The principle governing *Sharp v. Brown, supra*, is not controlling. A motion for a new trial is indispensable to a review by proceeding in error of the rulings of the trial court made during the progress of a trial, or of any question which is proper to be raised by a motion for a new trial, as that the verdict is contrary to the evidence, and the damages are excessive or inadequate. (*Smith v. Spaulding*, 34 Neb. 128; *Jones v. Hayes*, 36 Neb. 526; *Miller v. Antelope County*, 35 Neb. 237; *Zehr v. Miller*, 40 Neb. 791; *Brown v. Ritner*, 41 Neb. 52; *Koehler v. Summers*, 42 Neb. 330; *Losure v. Miller*, 45 Neb. 465; *Gaughran v. Crosby*, 33 Neb. 33.) But a motion for

a new trial is not essential to a review of an equity cause on appeal. (*Swansen v. Swansen*, 12 Neb. 210.) In the course of the opinion in the case last mentioned it is said: "In our dual system of practice, an appeal in actions in equity may be taken to the supreme court from a final decree in the district court, at any time within six months from the rendition of the decree, and no motion for a new trial is necessary, while in actions at law and equity cases, taken on error to the supreme court, a motion for a new trial, containing the errors complained of, must have been filed and acted upon by the trial court." In *Ainsworth v. Taylor*, 53 Neb. 484, this court, in construing said section 675 of the Code of Civil Procedure, held that an appeal of an equity cause does not present for review the rulings of the court in the exclusion of proper evidence. The court, speaking through Ryan, C., said: "In this section there is no requirement that errors shall be assigned. If a party elects to appeal from a judgment in an equitable action, his election seems to imply that he is content to retry the cause in the supreme court upon the evidence actually considered by the district court." (*Vide Alling v. Nelson*, 55 Neb. 161; *Village of Syracuse v. Mapes*, 55 Neb. 738; *Frenzer v. Phillips*, 57 Neb. 229.) If a motion for a new trial is not necessary to a review on appeal of an equity cause, it logically follows that the filing of such a motion could not extend the time for perfecting an appeal. The transcript herein not having been filed in this court within six months from the entry of the decree the appeal is

DISMISSED.