HATTIE L. BRAND, APPELLEE, V. JOSEPH GARNEAU, JR., ET AL., APPELLANTS.

FILED FEBRUARY 6, 1901.   No. 9,344.

1. **Foreclosure Sale:** SECOND APPRAISEMENT.   Under section 495 of the Code, when real estate ordered to be sold under decree of foreclosure has been appraised and twice offered for sale and not sold for want of bidders, a new appraisement is authorized.

2. **Order Vacating Appraisal:** APPLICATION: RIGHTS OF PARTIES.   An order of the court vacating and setting aside the first appraisal so made, without any application therefor, is immaterial and in nowise affects the rights of the parties to the action.

3. **Confirmation.**   Proceedings in an action confirming sale of real estate under decree of foreclosure examined, found regular, and the confirmation properly entered.

APPEAL from the district court for Douglas county. Heard below before POWELL, J.   *Affirmed.*

*Charles Ogden, Joel W. West* and *Albert Swartzlander,* for appellants.

*J. O. Detweiler, contra.*

HOLCOMB, J.

An appeal is taken from an order of confirmation of sale of real estate made under a decree in foreclosure proceedings.   It appears from the record that under an order of sale first issued the property was appraised and offered for sale twice after due advertisement, but was not sold for want of bidders.   Thereupon it was reappraised and after advertisement again offered for sale, but not sold for want of bidders.   Objections to the last

appraisement, with a motion to set aside the same, were presented by appellants. The property not being sold after one offering under the second appraisal, the order of sale was returned with the proceedings taken thereunder properly indorsed thereon. A second or alias order of sale under the decree was issued and the property again appraised for sale at the sum of $200. After advertisement the property was sold. The appraisement and sale were objected to by appellants, and upon their motion vacated and set aside, and, in the order made, all prior appraisements were vacated. A new appraisement and sale were ordered. The property was again appraised and sold after due advertisement.

It is argued the court erred in its order vacating and setting aside the first appraisement of the property at $550. The objection is not well taken. Under the provisions of section 495 of the Code, the appraisement, after two offerings of the property, without bidders, became of no consequence in determining the amount for which the property should sell, and a new appraisement was authorized. The other appraisements were vacated on the appellants' objections, and, therefore, they can not now be heard to complain.

In the order of the court made on motion of the appellants, vacating the prior appraisements and setting aside the last sale, a new appraisement and sale was directed. The appraisement, sale and other proceedings had under such order appear regular, and the order of confirmation was properly entered.

We observe no cause for a special order as to the taxation or retaxation of the costs.

AFFIRMED.