FIRST STATE BANK OF OVERTON V. STEPHENS BROTHERS.

FILED OCTOBER 5, 1905. No. 13,830.

Estoppel. Where a party gives a reason for his decision and conduct touching anything involved in a controversy, he is estopped after litigation has begun from changing his ground and putting his conduct on another and different consideration.

ERROR to the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*E. A. Cook,* for plaintiff in error.

*Warrington & Stewart, contra.*

JACKSON, C.

On September 24, 1902, J. T. Bend drew a check on the First State Bank of Overton for the sum of $111.35, payable to Stephens Brothers. Two days later this check was presented at the bank for payment by one of the members of the firm of Stephens Brothers and payment was refused, thereupon Stephens Brothers sued the bank

to recover the amount of the check. In their petition they set out the corporate capacity of the bank, the execution and delivery of the check, the presentation thereof at the bank and the demand for the payment thereof, and alleged "that said defendant bank refused to pay said check, and stated as the reason for refusing to pay the same that said Bend had instructed it not to pay the same, and gave no other reason for not paying the same." They further alleged that Bend had on deposit in the bank money sufficient to pay the check, and that no part of the same had been paid, and prayed judgment for the amount of the check with interest and costs. The bank answered, admitting its corporate capacity, the making and presentation of the check, and that the same was not paid, and denied all other allegations in the petition. At the trial it was conclusively proved by competent evidence, and in fact admitted by the cashier of the bank, that at the time the check was presented the bank refused payment, and gave as the only reason why the check was not paid that payment had been stopped by the maker. The member of the firm of Stephens Brothers who presented the check for payment testified that at the time the bank refused to pay the check he inquired of the cashier whether Bend had money on deposit in the bank, and that the cashier answered that Bend always had funds in the bank. On behalf of the defendant the cashier testified that at the time the check was presented for payment Bend had no money on deposit in the bank, and he denied having made the statement to the plaintiff at the time the check was presented that Bend always had funds in the bank. There was a total failure to prove any fact justifying the course of the drawer of the check in attempting to stop the payment thereof. The trial resulted in a verdict and judgment for the plaintiff for the amount of the check, with interest, and the bank prosecutes error.

The principal contention of the bank is that the maker of the check had no funds in the bank at the time the check was presented for payment, and that by reason of

that fact no liability was incurred by reason of the refusal of the bank to pay the check. If the claim of a lack of funds was well founded, it would have been a complete defense in this action had it disclosed that fact to the payee at the time the check was presented for payment, but instead of doing so the bank chose to base its refusal upon the ground that payment thereof had been stopped by the maker, and the claim of a lack of funds was first made after the litigation had commenced. The rule in this jurisdiction is that, where a party gives a reason for his decision and conduct touching anything involved in a controversy, he is estopped, after litigation has begun, from changing his ground and putting his conduct on another and different consideration. *Ballou v. Sherwood,* 32 Neb. 666; *Frenzer v. Dufrene,* 58 Neb. 431; *State v. Board of County Commissioners,* 60 Neb. 566; *Hixson Map Co. v. Nebraska Post Co.,* 5 Neb. (Unof.) 388. The judgment in this case might well be permitted to stand solely on account of the reason given by the bank for the nonpayment of the check at the time it was presented for payment. It is worthy of notice, however, that the testimony on behalf of the plaintiff tends to prove that the maker of the check did have funds in the bank at the time the check was presented, and, while the cashier of the bank denies having made the statement that Bend always had funds in the bank, and testified that he had no money on deposit there at the time the check was presented, it cannot be said that the jury might not, with considerable reason, have found against the bank on that contention. The conclusion already reached disposes of assignments of error numbered 1, 2, 3, 4, 14 and 16.

In the cross-examination of the cashier of the bank, counsel for plaintiff inquired if he would not have paid the check, in any event, had the maker not ordered payment stopped. An objecton was interposed that this was improper cross-examination; the objection was overruled, and the witness answered that he would probably have paid the check. The admission of this evidence on cross-

examination is assigned as error. If the court erred in admitting this evidence it was entirely without prejudice to the bank, because under the admitted facts the verdict could not have been otherwise than for the plaintiff.

There was also a request to instruct the jury that the giving of the check by Bend to plaintiff was not a payment of the account owed by Bend to the plaintiff. This instruction was refused, and upon the refusal error is assigned. It is said by counsel that this instruction was necessary, because the jury may have understood that the giving of the check by Bend was an absolute payment, and that he was thereby released, and that they probably found for the plaintiff on that theory. This contention cannot be sustained. The court properly refused to give the instruction requested.

Complaint is also made of the giving of instruction numbered 4 as follows: "You are instructed as a matter of law that J. T. Bend, after giving said check, could not arbitrarily countermand the payment of the same." It is said that this instruction tended to mislead the jury. There seems to be no force in the contention, and it doubtless states a correct principle of law as applied to the facts in this case.

Instruction numbered 6 is as follows: "You are instructed that the burden of proof is upon the plaintiff, and he must satisfy you by a preponderance of all the material allegations of his petition, and if you find the evidence evenly balanced, or that it preponderates in favor of the defendant, then your verdict should be for the defendant." A similar instruction was under consideration in *City of Lexington v. Fleharty,* p. 626, *post,* in an opinion delivered at the present sitting of the court, and was there held not to be erroneous, although faulty, because of the omission of the words "of all the evidence" after the word "preponderance." In this case it might be said that the instruction, whether erroneous or not, must be held to be without prejudice, because the evidence would have justified a peremptory instruction to find for the plaintiff.

We discover no prejudicial error in the record, and recommend that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.