# · CHARLESTON.

WHETSELL *et als. v.* CITY OF ELKINS.

Submitted March 2, 1910.   Decided February 11, 1911.

1. MUNICIPAL CORPORATIONS—*Street Paving—Liability of Abutting Property Owners.*

By virtue of chapter 47 of the Code, under which it was incorporated, the City of Elkins had power and authority, in the years 1903 and 1904, to pave its streets and charge two-thirds of the cost of paving them to abutting property owners, notwithstanding the grant of a new charter by the legislature of 1901, since section 42 of chapter 151 of the Acts of 1901, constituting such charter, expressly reserved to the city all the powers previously conferred upon it by said chapter 47.

2. SAME—*Special Assessments.*

When lack of authority in a city council to charge the cost of paving to abutting property owners, or other cause of invalidity extending to all paving assessments made in the city, is the cause of action alleged. one or more persons, charged with special assessments for cost of paving, may sue on behalf of themselves and all others so charged, to invalidate the assessments.

3. SAME—*Street Assessments—Action to Invalidate—Sufficiency of Bill.*

As the section of a street between two cross streets or a cross street and an alley is the unit for paving, established by section 34 of chapter 47 of the Code of 1906, a bill to enjoin collection

of special assessments made under that section, on the ground of lack of a sufficient petition to the counsel by property owners, must be confined to property on the particular section in respect to which the petition is insufficient and owners thereof, and cannot extend to property on more than one section or the owners thereof.

4. SAME—*Street Paving—Action to Enjoin Collection of Special Assessments—Sufficiency of Bill.*

A bill to enjoin collection of a special assessment for street paving must set forth ground of invalidity therein, it being incumbent upon the plaintiff to show right to the equitable relief he seeks.

5. INJUNCTION—*Pleading—Amendment of Bill.*

An injunction, standing on a bad bill, but sustained by proof, not admissible under the allegations of the bill, should be continued for a reasonable time, to enable the plaintiff to amend his bill, if he desires to do so.

(BRANNON, JUDGE, absent.)

Appeal from Circuit Court, Randolph County.

Bill by B. F. Whetsell and others against the City of Elkins and others. Decree of dismissal, and plaintiffs appeal.

*Reversed and Remanded, with leave of Plaintiffs to Amend.*

*James A. Bent,* for appellants.

*Samuel T. Spears,* for appellees.

POFFENBARGER, JUDGE:

B. F. Whetsell and J. D. Marstiller, appellants, seek by their bill to enjoin collection of special assessment upon their property and that of all others similarly situated, made by the City of Elkins for street paving, on the theory of lack of power in the city to pave its streets and charge two-thirds of the cost thereof to the abutting property owners. This is the sole ground of invalidity alleged. There is a paragraph which denies derivation of any special benefit to the property, but all the property charged abuts on the paved streets and that benefit accrues to it cannot be denied, if the authority existed. A demurrer to the bill was overruled, a preliminary injunction granted on it dissolved and the bill dismissed as upon the merits.

The authority of the city to pave at all is a question in which all persons charged with special assessments for paving have a

common interest, and, if the city had no such authority, a bill by certain persons so affected on behalf of themselves and all others, injured in the same way, such as the plaintiffs in this cause filed, would lie, the equitable jurisdiction being founded upon the theory of prevention of a multiplicity of suits. *Christy v. Malden,* 23 W. Va. 667; *City of Grafton* v. *Holt, Judge,* 58 W. Va. 182; *Williams* v. *County Court,* 26 W. Va. 488; *Railroad Co.* v. *Miller,* 19 W. Va. 408; *Corrothers* v. *Board of Education,* 16 W. Va. 527.

That authority was conferred upon the City of Elkins to pave its streets and charge two-thirds of the cost thereof to the abutting property owners, according to their frontages on any square paved by it, upon a petition of those owning more than one-half of the frontage on such square, is not a debatable question. The city was originally incorporated under the provisions of chapter 47 of the Code, section 34 of which vests such power in municipal corporations organized under it. Chapter 151 of the Acts of the Legislature of 1901, ordaining a special charter for the city, expressly reserves to it all rights and powers conferred upon it by said chapter 47 of the Code. *Harvey* v. *City of Elkins,* 65 W. Va. 305.

As lack of such authority in the city is the only ground of invalidity alleged, and it utterly fails, the demurrer should have been sustained. An applicant for equitable relief against a tax or special assessment must show ground therefor. He must allege as well as prove illegality of the charge in some respect. *Tingue* v. *Port Chester,* 101 N. Y. 294; *Lasbury* v. *McCague,* 56 Neb. 220; *Spangler* v. *Cleveland,* 43 O. St. 526; 21 Enc. Pl. & Pr. 452. This accords with the general rules of pleading. The pleader must show right to the relief he seeks. He cannot merely demand the latter and impose upon his adversary the negative burden of showing he is not entitled to it.

The remaining inquiry is whether the injunction should have been dissolved. Observing the distinction between ordinary and extraordinary equity jurisdiction, I have always had some doubt as to whether a sale of personal property, for an illegal tax or public charge can be enjoined. Detinue seems to be an adequate legal remedy. This impresses me as being conclusive, when personal property only is the subject of the tax and no lien is imposed upon real estate. Here, however, the special assessments

constitute liens on the real estate, and, if invalid, clouds upon title, which there is jurisdiction in equity to remove. The presence of ground for numerous suits or actions by different persons, involving the same question, may also give such jurisdiction. Ordinary jurisdiction on either of these grounds would apply another well settled principle, namely, equity, having jurisdiction for one purpose, will do complete justice between the parties. In this way, a basis for the exercise of its extraordinary jurisdiction or power by injunction is laid. Therefore, the award of the injunction, restraining the sale of personal property, would have been proper, had the bill been sufficient. Since the bill fails, we must determine whether necessary and total dissolution of the injunction followed as an inevitable sequence; and, if not, to what extent it should have been allowed to stand.

There is evidence tending to prove a ground of invalidity in some of the assessments not alleged, namely, that the owners of the major part of the frontage on Randolph Avenue between Gay Street and High Street on the east side and First Street and an alley on the west side, did not petition the council to pave that portion of said avenue. But there is no evidence showing whether petitions for paving other streets or portions of streets were filed. Thus it seems probable that, on an amended bill in this cause, the injunction can be maintained as to the assessments on property abutting on the portion of Randolph Avenue here described, but nothing in the record indicates such right in respect to any other property in the city. While this evidence is inadmissible for want of an allegation of the fact it tends to prove, it indicates a right in the plaintiffs to part of the relief they ask. Strong probability of ultimate right to the benefit of the extraordinary jurisdiction of the court constituted sufficient ground for leaving the injunction in force and effect for a reasonable time to enable the plaintiffs to amend their bill so as to make it conform to their evidence. The general and liberal rule respecting amendment of bills applies measurably to bills for injunctions. *McCrum* v. *Lee,* 38 W. Va. 583; *Moore* v. *Holt,* 10 Grat. 284. Before dissolving an injunction for insufficiency of the bill, the court should allow a reasonable opportunity for amendment, if the bill is susceptible of amendment so as to sustain it, without a departure from the original cause of action, and probable right to ultimate relief by injunc-

tion is disclosed by the record. *Frank* v. *Brunneman,* 8 W. Va. 462. In that case, an injunction awarded on a bad bill was sustained after amendment, and the reasons assigned for refusing to dissolve in that state of the case apply with equal force here. In passing upon this and kindred questions arising in injunction suits, the trial court has a sound discretion, to be cautiously exercised, which enables it to make such orders as are necessary to protect the rights of the parties and effectuate substantial justice. High on Inj. section 1037; 10 Enc. Pl. & Pr. 1029, 1047; 22 Cyc. 975; *Rorer* v. *Loan Ass'n,* 55 W. Va. 255; *Frazier* v. *Brewer,* 52 W. Va. 306. It must be remembered, however, that we are not adjudicating any right to ultimate relief. We regard the evidence as only justifying continuance of the injunction for the purposes of amendment of the bill.

The injunction, however, is much broader than the evidence. It forbids collection of any and all the special assessments, including those representing paving of streets other than Randolph Avenue, and sections of that avenue other than the one herein described; while the evidence indicates insufficiency of the petition as to that section of that avenue only. As no probability of right to relief, respecting assessments on property abutting on other streets or other sections of that one, has been shown, the trial court should have sustained the motion to dissolve the injunction as to all the assessments except those relating to the property on that section of Randolph Avenue.

The bill must also be dismissed as to all assessments other than those, relating to property abutting on that section, unless some ground of invalidity, common to all the persons and property assessed, other than that of alleged lack of authority in the city to pave its streets and charge two-thirds of the cost thereof to the abutting property owners, can be found. Lack of a petition, which must necessarily be tested as to its sufficiency, by sections of streets, since it can operate only by sections, affords a ground of invalidity common only to owners of property abutting on a section. In paving the city had to proceed by sections, the section having been made the unit by the statute. Hence it is clear that persons whose property does not abut on the same paving section of a street cannot join in

a suit to invalidate their assessments on the ground of lack, or insufficiency, of a petition.

For the reasons stated, the decree, complained of, will be reversed, the demurrer sustained, the injunction dissolved as to all assessments on property other than that abutting on the section of Randolph Avenue, lying between Gay and High Streets, on the east, and First Street and the alley opposite High Street on the West, and the cause remanded with leave to the plaintiffs to amend their bill, within a reasonable time, to be fixed by the circuit court; and, in case of failure to amend the bill so as to make it sufficient, within such time, the circuit court will wholly dissolve the injunction and dismiss the bill. Substantially prevailing, the appellants will be allowed their costs in this Court.

*Reversed and Remanded, with leave to Plaintiff to Amend.*