GEORGE O. DODGE, APPELLEE, v. CLARA I. HEALEY, APPELLANT.

FILED FEBRUARY 1, 1919. No. 20291.

1. Appeal in Equity: TIME. Under the provisions of section 8186, Rev. St. 1913, as amended by the legislature in 1917 (Laws 1917, ch. 140), the time for taking an appeal in an equity cause begins to run from the date of the entry of the decree or final order if no motion for a new trial is filed. When a motion for a new trial is filed in an equity cause, the time for taking an appeal begins to run from the date of the overruling of the motion. *Smith v. Silver*, 58 Neb. 429, distinguished.

Dodge v. Healey.

2. Husband and Wife: NOTE OF MARRIED WOMAN: PRESUMPTION. When a married woman signs a note there is no presumption that she intended thereby to fasten a liability upon her separate estate. *Grand Island Banking Co. v. Wright,* 53 Neb. 574.

3. ――――: ――――: DEFICIENCY JUDGMENT. In an action in equity to foreclose a real estate mortgage given to secure notes signed by husband and wife, judgment for deficiency cannot be rendered against the wife when it appears by the pleadings that she was a married woman when she signed the notes, unless the issue as to her liability to a deficiency judgment is raised by proper allegations in the pleadings.

APPEAL from the district court for Dodge county: FREDERICK W. BUTTON, JUDGE. *Reversed, with directions.*

*J. E. Daly,* for appellant.

*C. E. Abbott, contra.*

McGIRR, C.

This is an action in equity to foreclose a real estate mortgage. The cause was tried to the court and a decree in favor of the plaintiff was entered. The mortgaged property was sold by the sheriff and the sale was confirmed. Thereafter the plaintiff filed his motion for deficiency judgment against the defendants, Michael T. Healey, Clara I. Healey, and Mary E. Nichols. Order to show cause why a deficiency judgment should not be rendered was entered and was served upon the defendants. The defendants Michael T. Healey and Clara I. Healey filed objections to deficiency judgment against them. On May 16, 1917, a hearing was had upon the motion for deficiency judgment and the objections thereto, and judgment for deficiency was entered against the defendants, Michael T. Healey, Clara I. Healey, and Mary E. Nichols. On May 18, 1917, the defendants Michael T. Healey and Clara I. Healey filed a motion for a new trial, which motion was, on June 11, 1917, overruled by the trial court. The defendant Clara I. Healey appealed from the deficiency judgment rendered against her, and filed her

transcript in this court on August 21, 1917. The plaintiff has filed a motion to dismiss the appeal on the ground that the transcript was not filed within the time required by statute.

The plaintiff relies upon the decisions rendered by this court in *Smith v. Silver*, 58 Neb. 429, and *Ogden v. Garrison*, 82 Neb. 302. In *Smith v. Silver, supra,* it is said in the syllabus:

"A motion for a new trial is not essential to a review of an equity cause. The filing of a motion for a new trial will not extend the time for prosecuting an appeal. The time for taking an appeal begins to run from the date of the entry of the decree or final order, and not from the overruling of the motion for a new trial."

When the decision in that case was rendered the statute provided for a review in this court by proceedings in error in actions at law, and for a trial *de novo* in this court upon appeal in suits in equity. Appeals in suits in equity were governed by section 675 of the Code (Comp. St. 1897). We quote a portion of that section as follows:

"That in all actions in equity either party may appeal from the judgment or decree rendered or final order made by the district court, to the supreme court of the state; the party appealing shall within six months after the date of the rendition of the judgment or decree, or the making of the final order, procure from the clerk of the district court and file in the office of the clerk of the supreme court, a certified transcript of the proceedings had in the cause in the district court."

In *Smith v. Silver, supra;* section 675 of the Code was construed to mean just what it said in plain language, that the party appealing shall within six months after the date of rendition of the judgment or decree, or the making of the final order, procure and file in the office of the clerk of this court a certified transcript.

In the year 1905 the legislature repealed section 675 of the Code, and other sections of the Code providing for a review in this court by proceedings in error of actions at law adjudicated in the district courts, and, in lieu of all these sections of the Code, passed a new act to provide for appeals to the supreme court in all cases except criminal cases. Laws 1905, ch. 174. Section 1 of this act, being section 8186, Rev. St. 1913, provides:

"The proceedings to obtain a reversal, vacation or modification of judgments and decrees rendered or final orders made by the district court, except judgments and sentences upon convictions for felonies and misdemeanors under the Criminal Code, shall be by filing in the supreme court a transcript certified by the clerk of the district court, containing the judgment, decree or final order sought to be reversed, vacated or modified, within six months from the rendition of such judgment or decree or the making of such final order or within six months from the overruling of a motion for a new trial in said cause; the filing of such transcript shall confer jurisdiction in such cause upon the supreme court."

In the year 1917 (Laws 1917, ch. 140) the legislature amended this section by changing the time for filing the transcript from six months to three months. By the act of 1905 the legislature provided a uniform procedure to obtain a reversal, vacation or modification of judgments and decrees rendered, or final orders made by district courts in all cases except criminal cases. This procedure is applicable alike to actions at law and suits in equity. Under the long-established practice in this state, a motion for a new trial must be filed and overruled before an appeal can be taken to the supreme court in an action at law; while in a suit in equity a motion for a new trial is not a necessary precedent to an appeal, yet a motion for a new trial may properly be filed in a suit in equity, and, if such

motion is filed, the time for taking an appeal commences to run on the date of the overruling of the motion for a new trial, the same as in an action at law.  A motion for a new trial not being a necessary precedent to an appeal in a suit in equity, if no such motion is filed, the time for taking an appeal commences to run on the date of the entry of the decree or the making of the final order appealed from.  The decision in *Ogden v. Garrison, supra,* is not in conflict with our construction of the statute.  In that case it was held: "To secure a review of an equity case in this court, the filing of a motion for a new trial in the court below is not required."  In the case at bar the transcript was filed in this court within three .months from the overruling of the motion for a new trial, and therefore this court obtained jurisdiction of the cause on appeal.

In the case at bar the defendant Clara I. Healey contends that the trial court erred in rendering a deficiency judgment against her for the reason that when she signed the notes and executed the mortgage sued on she was a married woman and that she did not contract with reference to her separate property, trade or business, or upon the faith or credit thereof, and with the intent on her part to thereby charge her separate estate.  In answer to this contention the plaintiff says that Mrs. Healey was precluded from pleading her disability to contract by a finding made by the trial court in the decree of foreclosure, that plaintiff would be entitled to a judgment against her for any deficiency, citing in support of his proposition the decisions of this court in *Devries v. Squire,* 55 Neb. 438; *Stover v. Tompkins,* 34 Neb. 465; *Brand v. Garneau,* 61 Neb. 287, and *Patrick v. National Bank of Commerce,* 63 Neb. 200.  The rule relied upon by plaintiff is most clearly stated in the syllabus of the case last cited, as follows:

"Where, in a petition filed to obtain the foreclosure of a mortgage, facts are alleged showing a personal liability on the part of the defendants for the payment of the debt, and judgment for deficiency is asked against them, and where the court, in its decree, finds that they are personally liable for the payment of any deficiency that may exist after a sale of the mortgaged premises, they cannot, while such decree remains in force and unmodified, be permitted, when judgment for deficiency is sought, to set up facts which existed when the original decree was obtained, to show that they are not liable."

That rule is not applicable to the instant case, for the reason that no facts are alleged in the petition showing a personal liability on the part of the defendant Clara I. Healey. The petition is an ordinary petition for the foreclosure of a real estate mortgage. The notes secured by the mortgage are set forth in the petition. There is no recital in the notes, or in either of them, that Clara I. Healey intended thereby to bind her separate estate. It is alleged in the petition that at the time of the execution and delivery of the notes the defendants Michael T. Healey and Clara I. Healey, his wife, made, executed and delivered to the plaintiff their mortgage deed. The married state of Mrs. Healey was thus alleged in the petition, but the petition contains no allegation of fact that would make Mrs. Healey liable to a deficiency judgment regardless of her married state. In their answer the defendants Michael T. Healey and Clara I. Healey admit that at the time of the execution and delivery of the notes and mortgage they were husband and wife. The evidence taken at the trial was not preserved, and is therefore not before us for consideration. The finding in the decree that Mrs. Healey would be liable to a deficiency judgment is not, however, aided by the presumption that evidence was taken at the trial to sustain it, for the reason that evidence tending to prove Mrs.

Healey's liability to a deficiency judgment, regardless of her married state, would have been inadmissible under the pleadings. It will not be presumed that such evidence was erroneously admitted by the trial court, and, if it had been admitted and was now before us, it would not be considered in this court on a trial *de novo.* The finding in the decree of foreclosure that the plaintiff would be entitled to a deficiency judgment against Mrs. Healey is not sustained by the pleadings, and did not preclude Mrs. Healey from pleading her disability to contract, when deficiency judgment was sought by the plaintiff. In her showing of cause why deficiency judgment should not be rendered against her, Mrs. Healey alleged that she was a married woman, "the wife of Michael T. Healey, and that at no time has she been engaged in business in any manner whatsoever, save and except as the housewife and mother in the home of Michael T. Healey, and that she has not carried on trade or business on her sole and separate account; that in the transaction upon which the above entitled action is based Clara I. Healey did not bind her separate estate, nor was the consideration for the necessaries of life such as would render her liable for the payment thereof." The plaintiff moved to strike Mrs. Healey's showing of cause from the files on the grounds "that the allegations thereof are redundant and immaterial," and "that the same does not show any reason why deficiency judgment should not be rendered." By this pleading the plaintiff confessed the truth of Mrs. Healey's allegations of cause why deficiency judgment should not be rendered against her, but sought to avoid the force of the allegations on the grounds that they were immaterial and insufficient. We think that Mrs. Healey's showing of cause was material and amply sufficient to show that she was not liable to a deficiency judgment. In rendering a judgment for deficiency against the defendant Clara I. Healey the trial court erred.

"The common-law disability of a married woman to contract is in force in this state, except as abrogated by statute. She may make contracts only in reference to her separate property, trade or business, or upon the faith and credit thereof and with the intent on her part to thereby charge her separate estate. * * * When a married woman signs a note there is no presumption that she intended thereby to fasten a liability upon her separate estate." *Grand Island Banking Co. v. Wright*, 53 Neb. 574.

The judgment for deficiency rendered against the defendant Clara I. Healey should be reversed, and plaintiff's motion for a deficiency judgment against said defendant should be overruled.

Per Curiam. For the reasons stated in the foregoing opinion, the judgment for deficiency rendered against the defendant Clara I. Healey is reversed, the cause is remanded, with direction to said district court to enter an order overruling plaintiff's motion for deficiency judgment against said defendant, and the foregoing opinion is adopted by and made the opinion of the court.

Reversed.