H. H. BLODGETT, APPELLANT, V. J. H. McMURTRY ET AL., APPELLEES.

[FILED JUNE 11, 1892.]

1. **Review.** Where the testimony is conflicting, and the judgment is not against the clear weight of evidence, it will not be set aside.

2. **Estoppel in Pais.** Where one by his own words willfully causes another to believe in a certain state of facts, as by stating that he is not the owner of certain property, and thus induces him to act on such belief so as to alter his own previous position, as by purchasing the property, the former is concluded from afterwards averring against the latter a different state of things from what he then represented.

APPEAL from the district court for Lancaster county. Heard below before FIELD, J.

*H. H. Blodgett,* for appellant.

*J. R. Webster,* and *Harwood, Ames & Kelly, contra.*

MAXWELL, CH. J.

The plaintiff brought an action against the defendants in the district court of Lancaster county, the cause of action being set forth in the second amended petition as follows:

" That on or about the 3d day of January, 1876, the defendants James H. McMurtry and Amanda E. McMurtry

did bargain and sell to plaintiff for a valuable consideration the following land, to-wit: Beginning 100 feet east and 100 feet south of the southeast corner of block 12 of Lavender's addition to the city of Lincoln, Lancaster county, Nebraska, thence east 300 feet, thence south 300 feet, thence west 150 feet, thence north 150 feet, thence west 150 feet, thence north 150 feet, to the place of beginning, being a part of the east one-half of the northwest one-quarter of section 25, town 10, range 6 east, in Lancaster county, Nebraska; and said McMurtrys were the owners of said land, and, at the plaintiff's instance and request, did make, execute, and deliver a deed of said land to E. Mary Gregory and conveyed said land to said E. Mary Gregory as trustee for plaintiff. And it was agreed by and between the plaintiff and the defendants McMurtrys and Gregorys that said E. Mary Gregory was to convey said land to plaintiff at any time said plaintiff might request, plaintiff having paid the purchase price of said land, and said Gregorys have often been requested to convey said land to this plaintiff, but have at all times refused and still refuse so to convey said land to said plaintiff. And said deed of conveyance to E. Mary Gregory has never been filed for record upon the county records of Lancaster county, Nebraska, but was lost and could not be found until about the time of commencing of this action and affiant did not know and could not find out the description of said land until he found said lost deed.

"And afterwards defendants Charles T. Boggs and W. W. Holmes platted a part of said land and named it Boggs & Holmes's addition to the city of Lincoln, Nebraska, it being lots 50, 51, 52, 53, 54, and 55 of said Boggs & Holmes's addition, and afterwards the defendants McMurtrys, on or about the 1st day of March, 1887, did unlawfully bargain, sell, and convey, for valuable consideration lots 50 and 51 of said Boggs & Holmes's addition to Charles T. Boggs and W. W. Holmes without the knowl-

edge or consent of plaintiff, and converted the money to his own use, and after the said bargain and sale of said land to plaintiff as aforesaid, and after said Boggs & Holmes's addition was platted as a part of said land, the balance of said land was platted as McMurtry's addition to the city of Lincoln, Lancaster county, Nebraska, and consists of lots 11, 12, 13, 14, 15, 16, and 17 of block 2 of said McMurtry's addition.

"And said McMurtry and wife have unlawfully sold a part of said land and lots, the exact ones of which plaintiff is unable to learn, but which were so sold without the plaintiff's knowledge and consent and which said lots were reasonably worth when so sold for the sum of $1,000 for each lot, and John S. Gregory and wife, E. Mary Gregory, and W. W. Holmes and wife, Emma H. Holmes, Chas. T. Boggs and wife, Mary E. Boggs, M. H. Comstock and wife, Josa T. Comstock, and Frank Hamon, defendants, claim an estate or interest in said lands adverse to this plaintiff's right, but whatever interest or claim they have is subsequent and inferior to plaintiff's.

" Plaintiff prays that the defendants may be compelled to show their interest and that the same may be adjudged null and void and that the plaintiff's title be quieted against them, and for such other and further relief as the plaintiff is entitled to."

To this petition Holmes & Boggs filed an answer, in which they deny, first, the facts stated in the petition, except that they purchased lots 51 and 52, in Boggs & Holmes's addition, from John S. Gregory and received a deed therefor of E. Mary Gregory, etc.; second, alleged that prior to said purchase they applied to the plaintiff for information as to his claim on the lots and that he disclaimed any interest therein, and relying upon such statements they purchased the lots in question; third, McMurtry in his answer denies all the facts stated in the petition, pleads adverse possession for more than ten years, disclaims

title to any other lots in Boggs & Holmes's addition except 51 and 52.

On the trial of the cause the court found the issues in favor of the defendants and dismissed the action.

The theory of the plaintiff is that about the year 1875 he purchased the property in question and had the deed taken in the name of E. Mary Gregory. He states in his testimony, in substance, that he had this done for convenience in making transfers and to save expense, as he intended to sell the property and McMurtry and Gregory possessed an abstract title. It appears that judgment had been rendered in the district court of Lancaster county against John S. Gregory and wife which would be a lien upon any real estate standing in their names, while no judgment seems to have been recovered against the plaintiff to have become such lien. It also appears that Mr. Holmes, before purchasing lots 51 and 52 of E. Mary Gregory, called upon the plaintiff and informed him that John S. Gregory had told him that the plaintiff claimed an interest in the Boggs lots. The plaintiff then said to Holmes, in substance, that he possessed no lots in that locality, whereupon Holmes purchased the same, paying $900 therefor. The plaintiff contends that this does not estop him from claiming the above lots. We think differently, however. The rule is, where one by his own words or conduct willfully causes another to believe in a certain state of facts, as that he is not the owner of certain property, and thereby induces him to act on that belief so as to alter his own position, as by purchasing the same, the former is concluded from averring against the latter a different state of facts from that represented. (*Grant v. Cropsey,* 8 Neb., 205; *Newman v. Mueller,* 16 Id., 523; *Betts v. Sims,* 25 Id., 166; *St. Louis, etc., Co. v. Meyer,* 31 Id., 543; *Pickard v. Sears,* 33 Eng. C. R., 257; *Davis v. Handy,* 37 N. H., 65.)

Second—The testimony fails to establish a trust in a clear, unequivocal manner. McMurtry denies this *in toto,*

both in his pleadings and testimony, and there are matters connected with the testimony introduced on behalf of the plaintiff that are not satisfactorily explained and leave the creation of the alleged trust in doubt. It is sufficient to say that the judgment is not clearly against the weight of evidence and therefore must be sustained. The judgment is therefore

AFFIRMED.

THE other judges concur.