HARRISON H. BLODGETT, APPELLANT, V. JAMES H. McMURTRY ET AL., APPELLEES.

FILED FEBRUARY 6, 1894. No. 4677.

1. Action Quia Timet. In an action having for its object the declaration of a trust in land in favor of the plaintiff and the quieting of title in him it is incumbent upon the plaintiff to affirmatively establish an equitable title in himself, and if he fail to do so, the nature of defendant's title, or the existence of any title in defendant, is immaterial.

2. Pleading. Under the Code two or more defenses can be inter-

posed to the same cause of action, provided they are not inconsistent with one another; and they are not inconsistent unless the proof of one necessarily disproves the other.

3. A plea of estoppel may be joined with a general denial when the averments by way of estoppel are not inconsistent with such denial.

4. The conclusion of the court in the former opinion in this case, 34 Neb., 782, as to the sufficiency of the evidence, reaffirmed.

REHEARING of case reported in 34 Neb., 782.

*H. H. Blodgett* and *Thomas Ryan*, for appellant.

*J. R. Webster, Webster, Rose & Fisherdick, Harwood, Ames & Kelly*, and *Reese & Gilkeson, contra*.

IRVINE, C.

An opinion affirming the judgment of the district court was filed June 11, 1892, and is reported in 34 Neb., 782, where a sufficient statement of the issues will be found. The case is now presented upon a rehearing.

The argument of the appellant upon the rehearing is directed chiefly to questions of fact. Nearly all the legal propositions presented require for their application a determination of the facts contrary to the general finding of the district court in favor of the defendants. The evidence has been re-examined carefully with relation to the argument upon the rehearing. A detailed review of the proof would be of no service to the profession or the public and will not be made in this opinion. Upon the subject of the trust we are entirely satisfied with the statement made by MAXWELL, C. J., speaking for the court in the former opinion, that "the testimony fails to establish a trust in a clear, unequivocal manner; that McMurtry denies it *in toto*, both in his pleadings and testimony, and there are matters connected with the testimony introduced on behalf of the plaintiff that are not satisfactorily explained, and left the creation of the alleged trust in doubt. It is suf-

ficient to say that the judgment is not clearly against the
weight of the evidence." Upon the issues in regard to the
existence of a trust the finding of the district court in
favor of the defendants must, therefore, be sustained.

It is argued by appellant that the title proved by Mc-
Murtry was not that alleged in his answer. Both by
objection made upon the trial to the evidence, and in the
argument, appellant claims this as an estoppel against Mc-
Murtry's asserting title contrary to the title alleged in his
pleadings. The objections and argument really, however,
raise a question of variance between the pleading and the
proof. But it is not necessary to consider these questions,
for the reason that McMurtry asked for no affirmative re-
lief and it was incumbent upon the plaintiff to establish
title in himself. This he failed to do, and the proof of Mc-
Murtry's title is immaterial. Upon the issues between the
plaintiff and the defendants Boggs & Holmes, the failure
of proof to establish a trust would be conclusive in favor
of these defendants also, irrespective of their plea of es-
toppel, unless one argument now made by appellant is well
founded. That argument is that the plea of estoppel is a
confession of the cause of action, and if the estoppel fails,
judgment follows in due course against the defendant. In
support of this doctrine appellant cites Herman, Estoppel,
p. 1415; *Whittemore v. Stephens,* 48 Mich., 574. Herman,
at the place cited, is treating of a particular class of pleas
by way of estoppel, and the only authority cited by him in
support of the doctrine he lays down is the Michigan case
cited by appellant. That case is not in point. That was
a suit upon a promissory note under the common law
practice. At first the general issue was pleaded, then there
was a plea *puis darrein continuance* averring a composition
under the bankrupt act. The pleadings, taken together,
showed a clear departure, and the court was evidently very
much perplexed as to how they should be treated. The
plea *puis darrein continuance* was said to approach nearer a

Blodgett v. McMurtry.

plea in estoppel than anything else, but was held bad for that purpose.  Then it was held that it amounted to an abandonment of the former plea, and therefore judgment followed.  There is no doubt that this conclusion was correct.  The plea was in effect one in confession and avoidance and entirely inconsistent with the general issue.  The general proposition stated in the syllabus, that a plea of estoppel admits the cause of action, went entirely beyond the facts of the case and the language of the opinion.  We have been unable to find any case holding that a plea of estoppel *in pais* cannot be joined with one amounting to a traverse, where the two are not in their natures inconsistent.  Here they are not inconsistent.  Boggs and Holmes in the first place deny all the allegations of the petition necessary for the establishment of a trust in the land, and then by way of further defense allege that at the time of their purchase of the land, and before the payment of the consideration, they applied to the plaintiff for information concerning the title, and were then told and assured by the plaintiff that E. Mary Gregory had full authority to sell and convey the land, and they received their conveyance in reliance upon such statement.  There is no inconsistency between these two defenses.  Under the Code it is firmly established that two defenses are inconsistent only when the proof of one necessarily disproves the other.  Two statements are not inconsistent when both may be true, and in such case may be joined under the Code. (Maxwell, Code Pleading, 397.)  Boggs and Holmes' plea of estoppel did not conflict with their general denial, and no trust was established as against them.

JUDGMENT AFFIRMED.