FIRST NATIONAL BANK, APPELLANT, V. HENRY BROWN, APPELLEE.

FILED MAY 21, 1908.   No. 15,237.

1. Notes: DEFENSES. Evidence stated in substance in the opinion, and *held* insufficient to establish the defense interposed by the answer.

2. Trial: EVIDENCE: INSTRUCTIONS. In an action on a promissory note, where no competent evidence is produced tending to prove the defense of payment by delivery of property to a third person, it is error for the court to submit that issue to the jury.

APPEAL from the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*H. M. Sinclair* and *E. A. Cook,* for appellant.

*John H. Linderman* and *G. W. Fox, contra.*

BARNES, C. J.

The plaintiff brought this action on a promissory note executed to it by the defendant Henry Brown and the Standard Beet Sugar Company of Ames, Nebraska. Brown was the only defendant served with process. The petition was the ordinary declaration on a promissory note. The answer contained an admission of the execution and delivery of the note sued on, and a denial of all of the other allegations of the plaintiff's petition. It further outlines two defenses: First, That the money which the defendant obtained from the bank, and for the repayment of which the note in suit was given, was the money of the Standard Beet Sugar Company, and was advanced to him under a contract by which he was to raise beets and deliver them to that company on the railroad track at Lexington, Nebraska, for which he was to receive $5 a ton; that, in order to assist him in raising the beets and paying for the hand labor required for that purpose, the beet sugar company was to advance him a sufficient amount of money to pay for said labor; that the $420 for which the note was given was so advanced to him under the contract, and that he had delivered a sufficient amount of beets to the Standard Beet Sugar Company on the railroad track at Lexington, Nebraska, to repay the same. Second. That at the time he gave the note in suit the hand labor necessary to raise his crop of beets had been performed; that the laborers were demanding payment for their work, and that the agent of the Standard Beet Sugar Company, one C. H. Powell, went with defendant to the bank, and assisted him in procuring the money with which to pay said laborers; that the Standard

Beet Sugar Company, by its said agent, signed the note in suit with him; and that it was then agreed between the plaintiff, the defendant and the agent of the said sugar company that the beets which defendant had raised should be delivered on the railroad track at Lexington to the plaintiff and the beet sugar company; and that delivery of a sufficient amount of beets for that purpose should be considered and taken as payment of said note. The plaintiff, by its reply, denied the affirmative allegations of the answer, and a trial resulted in a verdict for the defendant. After overruling the plaintiff's motion for a new trial, the court entered judgment on the verdict, and the case is brought here by appeal.

Plaintiff's first contention is that the evidence is not sufficient to sustain the verdict; and we think this contention is well founded, as we shall presently see. The burden of proof in this case was on the defendant to establish his affirmative defenses, or at least one of them. Keeping this in view, we come now to a consideration of the evidence. It appears that in the spring of 1905 one F. J. Rosenberg and the Standard Beet Sugar Company entered into a contract by which Rosenberg was to raise 40 acres of beets for said company; that he was to deliver the same to the company on the railroad track at Lexington, Nebraska, for shipment to the sugar factory, which was situated at Ames, in said state; that he was to receive $5 a ton for all beets so delivered by him; that the company agreed to furnish him seed and machinery, and deduct the expense thereof from the amount to become due him for beets delivered under the contract; that the company agreed to furnish him money to pay for the hand labor required in raising his crop; that the defendant Brown was Rosenberg's tenant, and thereafter took over the contract and raised the beets therein mentioned; that on or about the 16th day of November, 1905, at which time the crop, then fully matured, had been harvested and placed in silo awaiting cars for shipment, it became necessary for the defendant to pay his hand laborers; that

the agent of the Standard Beet Sugar Company thereupon went with the defendant to the plaintiff bank, and assisted him in borrowing the sum of $420, for the repayment of which the note in suit was given; that at the request of the beet sugar company the plaintiff took the note in question, secured by a chattel mortgage on the beets, which were then in silo as above stated, and thereupon the defendant gave the plaintiff the following order: "Lexington, Neb., Nov. 16, 1905. Standard Beet Sugar Company, Leavitt, Neb. Gentlemen: Please pay to the First National Bank of Lexington, Nebraska, $420 out of the first money due me for beets shipped to you. Henry Brown." It further appears that thereafter Brown delivered his crop of beets, which was sufficient in amount to more than pay the note in suit, to the Standard Beet Sugar Company on the railroad track at Lexington. It also appears that the company never paid defendant in full for the beets in question, but still owes him a sum equal to or greater than the amount of said note; that the company never paid the bank the money due the defendant for his beets; and that neither the note in suit not any part of it has ever been paid by any one to the plaintiff. The testimony shows, without contradiction, that the money loaned to the defendant was not the money of the Standard Beet Sugar Company; that it had no funds in the plaintiff bank, and that the loan was made direct from the plaintiff to the defendant. This disposes of the first defense outlined by the answer.

We come now to consider the contention that the beets were delivered by the defendant to the plaintiff bank and the Standard Beet Sugar Company. We find no-evidence in the record tending to establish that fact. On the contrary, Brown testified in his own behalf that Powell was a field man for the Standard Beet Sugar Company; that the company was to pay him $5 a ton, and he was to deliver his beets on the track at Lexington, Nebraska, to that company; that he raised probably 500 tons of beets, and, on being asked what he did with them, he stated that

he delivered them here on the track, meaning at Lexington. When asked who received them, he stated that they were weighed by Powell's agent. When asked whom he delivered them to in regard to the Standard Beet Sugar Company, he answered C. H. Powell. The president of the plaintiff bank testified, in substance, that no arrangement ever existed between Mr. Brown and the bank about the delivery of the beets to that institution; that no beets were ever delivered by Brown to the bank, and that he was not consulted in any way in reference to the delivery of the beets. The cashier of the bank, the person with whom the business in question was transacted, stated that no beets were ever delivered by Mr. Brown to the First National Bank, or to any one for him; that there was no conversation between himself and Brown about the delivery of beets to the bank, or to the bank and the Standard Beet Sugar Company. C. H. Powell, the agent of said company, testified, in substance, that the persons engaged in receiving and weighing defendant's beets were employees of the sugar company. And so it may be said that the evidence conclusively shows that no beets were ever delivered by the defendant to the plaintiff bank, or to the bank and the beet sugar company jointly, but that they were all delivered to the Standard Beet Sugar Company; that the money loaned, as evidenced by the note in suit, was loaned by the plaintiff bank to the defendant Brown, and has never been repaid. It thus clearly appears that the defendant failed to produce any evidence of the fact which he was required to show in order to establish payment of the note in suit, and therefore the evidence does not sustain the verdict.

It is also contended that the court erred in giving instruction No. 6, on his own motion. While it is unnecessary to discuss this assignment, yet it may not be out of place to do so. By the instruction complained of the jury were told, in substance, that, if they found there was a delivery by the defendant of his crop of sugar beets to

46

the plaintiff and the Standard Beet Sugar Company jointly they should find for the defendant. As we read the record, there was no evidence before the court upon which this instruction could be predicated, for the defendant failed to produce any competent evidence showing or even tending to show such joint delivery; and the trial court therefore erred in submitting that question to the jury by the instruction complained of.

For the foregoing reasons, the judgment of the district court is reversed and the cause is remanded for a new trial.

REVERSED.