WILLIAM H. HILMER, APPELLEE, v. WESTERN TRAVELERS ACCIDENT ASSOCIATION, APPELLANT.

FILED MARCH 10, 1910. No. 15,819.

1. Pleading: DEFENSES. "A defendant may plead as many grounds of defense as he may have, provided they are not so repugnant that if one be true another must be false." *Home Fire Ins. Co. v. Decker*, 55 Neb. 346.

2. Insurance: NOTICE OF ACCIDENT. Where a person is accidentally injured so as to render him unconscious and thereafter cloud his mind so that he cannot, within the time limited in an accident insurance policy, intelligently give notice to the insurer of

such accident, he will be excused from giving the notice while so disabled.

3. ———: ———. And if, while the policy holder is thus incapacitated, a third person gives the insurer notice at its office of the accident and the insurer acts thereon, it will be held to have received notice of the accident.

4. CONTRACTS: CONSTRUCTION: FORFEITURES. Where an insurance con tract is susceptible of two constructions, one of which will work a forfeiture, and the other will not, that construction should be adopted which will prevent the forfeiture.

5. Evidence: MENTAL CONDITION: OPINION OF NONEXPERT. If the mental condition of a litigant becomes a material subject of inquiry, it is competent to receive the opinion of a nonexpert witness, concerning that condition, where it appears that the witness has for years been intimately acquainted with the litigant, and the opinion is formed upon facts within the personal knowledge of the witness and sworn to by him before the jury.

6. ———: PHYSICAL CONDITION: OPINION OF PHYSICIAN. A physician may give his opinion concerning the cause of a person's physical condition, where that opinion is based upon a hypothetical question fairly describing such condition and reflecting the testimony before the jury upon that point.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*H. C. Brome, Clinton Brome* and *R. G. Young,* for appellant.

*Benjamin S. Baker, J. W. Eller* and *Simeon Bloom,* contra.

ROOT, J.

This is an action upon an accident insurance policy. Plaintiff prevailed, and defendant appeals.

Defendant is a mutual accident insurance company transacting business under the provisions of chapter 53, laws 1903 (Ann. St. 1909, sec. 6661 *et seq.*) The certificate in suit was issued April 17, 1903. Subsequently plaintiff fell and was severely injured. Defendant does not argue that plaintiff's fall was not accidental, or that the evidence does not support the amount recovered.

1. Defendant argues that plaintiff did not plead or prove a compliance with the conditions precedent in his policy or a waiver of those conditions. The certificate in suit and defendant's by-laws should be considered together. The former provides: "This certifies that William H. Hilmer is, while in good standing, a member of the Western Travelers Accident Association, and is entitled to all its benefits under the provisions on the back of this certificate, and named in the constitution and by-laws and subject to the warranties, contained in the application for membership. * * * Provisions referred to: Payments will be paid under this certificate for injuries received through external, violent, and accidental means, and resulting in * * * permanent total disability, $2,500; temporary total disability, $25 per week, for a period not to exceed 52 weeks; which said payments are more fully set out and provided for in the constitution and by-laws of the association which, with the application for membership and this certificate, forms the contract between the member and the association under which, and by the terms, conditions, and limitations of which only will payments be made to the member or his beneficiary." The certificate is indorsed: "No claim under this certificate will be paid unless notice of the injury with respect to which claim is to be made, is received at the office of the association within fifteen days from the date of such injury."

Plaintiff's application is not in the record, but no suggestion is made that it modifies the evidence before us. Defendant's constitution and by-laws are contained in one instrument. Only such parts of the document as are considered material will be reproduced in this opinion. Article VI provides: "No claim against the association will be valid unless notice of the injury with respect to which claim is to be made is received at the office of the association within FIFTEEN DAYS from the date of such injury." Article VIII is entitled "Benefits." Section 1 thereof is as follows: "Whenever any member of this asso-

ciation, in good standing, shall through external, violent and accidental means, receive bodily injuries which shall independently of all other causes wholly disable him from the transaction of every part of the duties pertaining to his usual occupation, he shall be paid the sum of twenty-five ($25) dollars per week, during the continuance of said total disability, not exceeding fifty-two (52) consecutive weeks, provided: That no claim under this section shall be valid unless written notice of said accident shall have been received at the office of the association within fifteen (15) days from the happening thereof, nor unless the said injured member shall within thirty (30) days after the said total disability ceases, furnish the executive board with affirmative proofs in writing, of the duration of the disability, and of the nature, cause and effect of the injury sustained, and such other proofs as may be required by the executive board." Section 2 refers solely to an accident resulting in death, and provides: "No death claim provided for in this section will be paid unless proofs of such death be filed in the office of the association by the claimant within thirty days from the date of the death of said member, nor unless it is shown in such proofs by the positive and unequivocal statement of the attending physician that the death was caused in the manner provided in this section. No claim under this section shall be valid unless written notice of the accident which caused the death shall have been received at the office of the association within fifteen days from the date of said accident."

Section 3 states: "Whenever any member of this association, while in good standing, shall through external, violent and accidental means, receive bodily injuries which shall independently of all other causes result in the loss of both feet, or both hands, * * * the said member shall receive as indemnity the proceeds of one assessment of two ($2) dollars on each member in good standing at the date of the accident, not exceeding five thousand ($5,000) dollars. * * * If said accident shall inde-

pendently of all other causes, in the judgment of the medical examiner and the executive board, result in the total disability and render the member unable to perform any duties or follow any occupation for a period of two years or over, then said member shall receive as indemnity one-half of the proceeds of one assessment of $2 on each member of the association in good standing at the date of the accident, not to exceed $2,500. Provided: That no claim mentioned in this section will be valid unless notice in writing of the accident is received in the office of the association within fifteen days from the date of same and affirmative proofs in writing of said claim, as required by the executive board, are received within thirty (30) days after loss occurs. The association shall not be liable for weekly indemnity on account of an accidental injury by reason of which claim is made under this section." Section 5 is as follows: "All claims under certificate of membership shall be due and payable ninety days after proofs of loss in writing are filed in the office of the association and no legal proceedings for recovery under any certificate of membership shall be brought within ninety days after the receipt of proof of loss at the office of the association, nor at all unless begun within ninety days from the time that right of action accrues as above stated." Section 7 provides: "Proofs of claim, mentioned in sections one, three, and five of this article, shall consist of the affidavit of the claimant and his attending physician, which affidavits shall state the cause of the loss of limb or limbs, or eye or eyes, or disability, the duration of disability if the claim is made under section one, and such other facts as may be required by the association. If claim is made under section two of this article proofs shall consist of the affidavit of the beneficiary of the deceased member and the attending physician, and such proofs shall state the cause of death, giving dates of the accident and particulars thereof, and also the date of

death, and such other information as may be required by the association."

Plaintiff pleaded that on October 16, 1903, as a result of an accident, which is detailed with particularity, he was wholly and continuously disabled from the transaction of every part of th⟩ duties pertaining to his usual occupation for 52 consecutive weeks, "and that same disability has continuously so disabled him, as aforesaid, ever since; and plaintiff further avers that said injuries so received through external, violent and accidental means resulted in permanent total disability." He further charges that the injury rendered him unconscious of his surroundings and he remained in that condition for more than 15 days; that while plaintiff was unconscious his friends notified defendant at its office of his injury.

Defendant admits it issued the certificate in suit; denies that plaintiff was unconscious, and denies that plaintiff or his friends at any time prior to the commencement of the action notified defendant of plaintiff's injury, "and shows to the court that at the time said beneficiary certificate was issued, and at all times thereafter, it was provided by the constitution and by-laws of defendant that no claims for benefits under such certificate should be valid unless written notice of the accident should be given within 15 days from the happening thereof, and within 30 days from the date of such accident make and give to defendant affirmative proofs in writing showing the duration of the disability, and the nature, cause and effect of the injury sustained, and including the affidavit of the claimant and his attending physician", etc. It is charged that no such notice was given or proofs of loss furnished, and by the terms of the policy an action could not be maintained thereon until 90 days after proof of loss was furnished, nor at any time unless begun within one year after plaintiff's right of action accrued, and that no right to maintain the suit existed at the time the action was commenced or at any other time.

In his amended reply plaintiff admits that defendant's

constitution and by-laws require written notice of an accident to a member within 15 days after the occurrence thereof, but relies upon his condition as an excuse for prompt performance. He denies that he was required to furnish proof of loss within 30 days of the accident. He admits that the constitution and by-laws provide that an action shall not be commenced until 90 days after proof of loss had been furnished, but alleges said section is qualified by other parts of said document and does not apply to the certificate in suit; denies that the constitution limits his right to commence an action to one year after proof of the accident has been furnished. Plaintiff admits that he did not "at any time prior to the commencement of this action make and give proofs in writing consisting of an affidavit made by himself showing the duration of disability, and nature, cause and effect of the injury, and the affidavit of his physician stating the cause of the disability and its duration." Plaintiff alleges that defendant's executive board did not require him to furnish any proof, but rejected his claim, and that he has performed all acts required in the contract to be performed by him.

Defendant insists the pleadings demonstrate that this suit cannot be maintained because conditions precedent to plaintiff's right to recover have not been complied with. Plaintiff asserts that defendant having denied all liability has waived the right to insist upon notice of the accident or proof of loss, and cites *Omaha Fire Ins. Co. v. Dierks & White*, 43 Neb. 473, and *Western Travelers Accident Ass'n v. Tomson*, 72 Neb. 674. In the *Dierks* case an insurance company answered, denying that its policy was in force at the time plaintiff claims he had suffered loss. The company also urged a defense based upon an agreement in the policy. Manifestly it was not just to permit the company to insist that the policy was void for one purpose and valid for another. It appeared that Dierks & White, the assured, notified the insurance company's local agents that the fire occurred, and they

notified the company and it acted on the notice. We held that notice had been given. Speaking for the court upon this subject, Judge RAGAN says: "But what we do decide is that when an insurance company is sued for a loss on a policy issued by it, and places its defense to such suit on the ground that by reason of some act of the assured the policy *was not in force at the date of the loss,* then in such action all issues made by the pleadings as to whether the insured gave notice of the loss, and whether he furnished the insurance company proofs of loss, become immaterial." In the *Tomson* case, *supra,* we held that, if an insurance company has actual knowledge of a loss within the time limit stipulated in its policy for the giving of formal notice thereof, the assured is not compelled to give the formal notice.

Section 100 of the code gives a defendant the right to plead in his answer as many grounds of defense or counterclaim as he may have, but inconsistent defenses will not be tolerated. Defenses are inconsistent whenever proof of one defense necessarily disproves another. *Blodgett v. McMurtry,* 39 Neb. 210. An answer in an action upon a policy of insurance is no exception to the general rule. *Home Fire Ins. Co. v. Decker,* 55 Neb. 346. But, if a person before suit refuses to satisfy a demand for particular reasons stated by him to the plaintiff, he will not be permitted after litigation has commenced to change his ground and defend upon entirely different considerations. *Ballou v. Sherwood,* 32 Neb. 666; *Frenzer v. Dufrene,* 58 Neb. 432; *State v. Board of County Commissioners,* 60 Neb. 566; *First State Bank v. Stephen Bros.,* 74 Neb. 616; *Powers v. Bohuslav,* 84 Neb. 179.

In the case at bar defendant's secretary, on March 30, answered a communication from plaintiff's counsel, and stated: "The office did not report to me that any notice of any accident was ever received by the association, neither have any proofs of claim been filed. We know nothing of the merits of Mr. Hilmer's claim. Of course will rely upon his failure to give notice and make proper

proofs." February 6, 1906, the secretary again wrote counsel for plaintiff: "I wish to restate what I stated to you orally with reference to the position of the association in this matter. At this time we neither admit nor deny liability, the claim not having been submitted to the executive board who have the only authority in our association to pass upon any matters in connection with claims. The executive board will consider this matter in due time, and in the meantime we waive none of the conditions of the contract, as above stated neither admit nor deny liability." It therefore seems clear to us that defendant did not waive its right to notice of the accident and proofs of loss in accordance with the terms of the contract between the litigants. The evidence is undisputed that on November 2, 1903, 17 days after the accident, Emil Hansen, a member of defendant association and a friend of plaintiff, called at defendant's office and delivered the assured's traveling card to defendant's secretary, and told him, among other things, that Hilmer "was hurt in his own house" and unconscious. The secretary indorsed the card: "Emil Hansen reported orally claim Wm. H. Hilmer, Wayne, Apoplexy. Bruised face. Fell in own home. Hilmer told Hansen himself. Dr. Blair. Happened about Oct. 24." The evidence shows that defendant acted upon this information, and communicated with and received information concerning plaintiff's condition from his attending physician.

Upon a consideration of the facts above stated, we think the evidence shows notice to defendant within the terms of the policy. *Woodmen Accident Ass'n v. Pratt*, 62 Neb. 673; *Western Travelers Accident Ass'n v. Tomson*, 72 Neb. 674. If the contract required plaintiff to furnish defendant an affidavit sworn to by himself giving the details of the accident as a condition precedent to a valid claim against it, such proof of loss is material, and if not given, and such default was not waived, but properly pleaded, it might be a defense to the action. A careful consideration of defendant's constitution and by-laws fails to sat-

isfy us that such a condition exists. The contract con-
templates payment of indemnity for injuries caused by
an accident as follows:

(1) Section 1 of article VIII refers to weekly sick
benefits for not to exceed one year, provided the injured
member furnishes the executive board with written proofs
of the accident within 30 days after his disability ceases.

(2) Section 2 of said article relates to accidents re-
sulting in death, and the beneficiary is required to furnish
the company written proofs within 30 days of such death.

(3) Section 3 of said article contemplates an accident
causing the destruction of an eye, foot, hand or limb of the
assured, or disabling him so that he cannot perform any
duty or follow any occupation for a period of two years
or over. The condition is: "No claim mentioned in this
section will be valid unless notice in writing of the ac-
cident is received in the office of the association within
fifteen days from the date of same and affirmative proofs
in writing of said claim, as required by the executive
board, are received within thirty (30) days after loss
occurs." This section plainly means that proof need not
be furnished unless required by the executive board, and
it is conceded no such demand was made. We do not
think that section 5 of said article refers to the instant
case. The attempt to limit the right to maintain an
action to 90 days after the right accrues is in violation
of the statute, and void. Ann. St. 1909, sec. 6677. The
remaining provisions in section 5 are general, and must
yield to the special statement in section 3 that proof shall
be furnished "as required by the executive board."
*Mutual Life Ins. Co. v. Hill,* 193 U. S. 551. The quoted
words must have some significance. They were deliber-
ately inserted by defendant in its constitution for some
purpose, and, if not construed as we interpret them, are
senseless and impotent. Forfeitures are not favored, nor
will the courts construe a contract for insurance so as to
defeat the policy holder except to carry out the obvious
intention of the parties. *Phenix Ins. Co. v. Holcombe,*

57 Neb. 622; *Woodmen Accident Ass'n v. Pratt,* 62 Neb. 673. If a contract is susceptible of two constructions, one of which will work a forfeiture, and the other will not, that construction should be adopted which will prevent a forfeiture and preserve the rights of the parties. *Hamann v. Nebraska Underwriters Ins. Co.,* 82 Neb. 429. Section 7 of article VIII describes the nature of evidence to be submitted as proof of loss, but necessarily, if proof is not required, the section does not apply. We are satisfied that the district court did not err in not directing a verdict because proofs of loss were not furnished defendant before this action was commenced. For the reasons above stated, the court did not err in giving instruction numbered 2.

2. Charles Meier, plaintiff's son-in-law, testified that he had known plaintiff since 1881—intimately much of that time. He testified at length concerning plaintiff's actions subsequent to the accident. After stating the facts in answer to numerous questions, he was asked whether, basing his opinion upon the facts testified to by him, he considered plaintiff capable of transacting ordinary business. Defendant objected, but the witness was permitted to answer. The testimony tends strongly to prove that plaintiff was seriously injured, mentally as well as physically, as a result of the fall, and Meier's testimony was relevant on the issue of plaintiff's disability. No error was committed in receiving this testimony. *Schlencker v. State,* 9 Neb. 241. The same conclusion is reached concerning the testimony of Mrs. Meier, plaintiff's daughter.

A hypothetical question fairly reflecting the facts testified to by witnesses was propounded to Dr. Rosewater, and he was requested to give his opinion of the cause of plaintiff's physical condition immediately after the fall. Defendant's objections were overruled, and the witness stated the symptoms indicated that plaintiff's unconscious condition was caused by concussion followed by hemorrhage, and later stated that the fall was not caused

by a rupture of a blood-vessel in the brain, but that the rupture was caused by the fall. The preliminary questions established the witness' qualifications as an expert, and the testimony was competent and relevant. *Matteson v. New York C. R. Co.*, 35 N. Y. 487.

Upon consideration of the entire record, we find the judgment of the district court is right, and it is

AFFIRMED.

FAWCETT, J., dissents.

SEDGWICK, J., dissenting.

I did not hear the argument in this case, and so am excused from taking part in the decision, but I think it my duty to protest against the seeming recognition of the decision in *Omaha Fire Ins. Co. v. Dierks & White*, 43 Neb. 473. In that case the defendant answered that the plaintiff had violated the conditions of his policy by giving a chattel mortgage on the property without the consent or knowledge of the company, and that the plaintiff had not given notice of the loss, and it was decided that these two defenses were inconsistent and could not be pleaded together and relied upon by the company.

When the insured demands payment for his loss, the defendant may of course waive the notice of the loss. So, too, the defendant, when payment is demanded, may waive the formal proofs of the manner of loss, the cause of the fire, and the character and value of the property destroyed. If the defendant, when payment is demanded, flatly denies all liability, refuses to consider the matter, and does not ask for formal proofs, most courts hold that by such conduct the defendant waives both notice and formal proofs. This is not because it is inconsistent to say: "You have forfeited your policy, and you gave no notice of the fire, and did not make the formal proofs." These statements are not inconsistent; they may all be true. Indeed, the fact that no notice of the fire was given, and also the fact that no proofs of loss were made, add to the probability that

the parties both considered the policy forfeited.  If the insurance company, at the time that proofs of loss should be made, or perhaps at any time before suit, had insisted that the policy was forfeited and refused to further consider the claim, such conduct would no doubt be held to waive both notice and proof of loss.  This is what is decided in the many cases cited and reviewed in the *Dierks* case.  In none of them was the question of pleading involved.  They are not authority for the proposition that after a policy has been forfeited, and no notice of the fire has been given, and no proof of loss has been made, the insured may begin an action in which he sets out a policy which by its terms requires notice to be given and proofs of loss to be made, and the defendant, under a statute which allows it to set up as many defenses as it has, cannot allege that the policy was forfeited without admitting that notice was given and that proof of loss was made.

The decision in the *Dierks* case is bad.  It has been several times virtually overruled by this court, but without being mentioned.  It ought not now to be followed or countenanced, but should be overruled.