LAURENCE SCHELLPEPER, APPELLEE, v. WILLIAM F. SPORN ET AL., APPELLANTS.

FILED MAY 26, 1924. No. 22723.

1. **Pleading:** DEFENSES: CONSISTENCY. Defenses to a civil action are not inconsistent unless the proving of one defense will necessarily disprove another.

2. ———: ———: ———. Nondelivery of a promissory note and lack of consideration are not necessarily inconsistent with the defense that the note is void as an incident of unlawful transactions in which the maker and the payee were intentional participants.

3. **Appeal:** ELECTION. An error in requiring an election between counts of an answer may not be prejudicial, if all defenses pleaded are available at the trial under the defense upon which defendant elects to stand.

4. **Bills and Notes:** VALIDITY. Courts refuse to enforce payment of a promissory note in the hands of the payee, where it is the consideration for, or an incident of, unlawful transactions in which he and the makers intentionally participated.

5. **Appeal:** DIRECTION OF VERDICT. It is prejudicial error to direct a verdict for plaintiff, where testimony on controverted issues, if believed by the jury, will sustain a judgment in favor of defendant.

APPEAL from the district court for Stanton county: WILLIAM V. ALLEN, JUDGE. *Reversed.*

*Hugh J. Boyle* and *George A. Eberly,* for appellants.

*D. C. Chase* and *William P. Cowan, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY and GOOD, JJ., and REDICK, District Judge.

ROSE, J.

This is an action to recover the amount due on a promissory note. Laurence Schellpeper, payee, is plaintiff. William F. Sporn and William Baier, makers, are defendants. The note is dated January 27, 1919, and contains a promise by defendants to pay plaintiff, one month after date, $1,000, with interest at the rate of 5 per cent. per annum. In the petition a partial payment of $150 January 27, 1919, is pleaded. Judgment for the remainder, $853.54, is demanded.

Defendants in their answer admitted they signed the note, but alleged: (1) It was never delivered. (2) There was no consideration for it. (3) By means of a check defendants procured from plaintiff January 27, 1919, $1,000 under an oral contract to act as his agents to procure for him in Sioux City, Iowa, 10 cases of whiskey to be transported to plaintiff in Stanton county, Nebraska, for the purpose of resale by him. The purchase price of the 10 cases and the compensation of defendants as agents for plaintiff amounted to $1,000. Defendants bought the whiskey and paid for it in transit. The transportation, however, was interrupted and the whiskey was temporarily secreted, but was subsequently stolen from the place of storage without any fault on the part of defendants. In consequence of the theft the 10 cases purchased were never delivered to the plaintiff, but he did receive intoxicating liquors worth $150 February 22, 1919. Defendants signed the note and entrusted it to plaintiff for the sole purpose of evidencing their receipt of the $1,000 in the event of their death before purchasing and paying for the whiskey. Plaintiff held the note for no other purpose and it never became a binding contract to pay $1,000 or any other sum.

The facts alleged in this count of the answer amount to a plea that plaintiff and defendants mutually participated in transactions to buy, transport, possess and resell intoxicating liquors in violation of law, and that plaintiff furnished defendants as his agents the $1,000 and took their note as an incident of the lawless enterprise, the note itself being void as against public policy.

Except for the admission that defendants signed the note, the reply to the answer was a general denial.

The jury, pursuant to a peremptory instruction, rendered a verdict in favor of plaintiff for $976.21. From a judgment thereon defendants have appealed.

One of the assignments of error directs attention to a ruling that required defendants to elect between the third count of their answer, invalidity of the note on the ground of public policy, and the first and second counts, nondelivery and lack of consideration. There was an involuntary election by defendants to stand upon the third count of their answer—illegality of the note. Defenses to a civil action are not inconsistent unless the proving of one defense will necessarily disprove another. Nondelivery of a promissory note and lack of consideration are not necessarily inconsistent with the defense that the note is void as an incident of unlawful transactions in which the maker and the payee were intentional participants. *Maier v. Romatzki*, 95 Neb. 76. While the ruling that required an election between defenses seems on the face of the pleadings in the present case to be erroneous, it does not necessarily follow that the judgment should be reversed on that ground, since defendants interposed at the trial the defenses relating to consideration and delivery and adduced their proofs on those issues under the defense that the note was void as an incident of the criminal acts of plaintiff and defendants.

A more serious question is presented by the assignment that the district court erred in directing a verdict in favor of plaintiff. Courts refuse to enforce payment of a promissory note in the hands of the payee, where it is the consideration for, or an incident of, unlawful transactions in

which he and the makers intentionally participated.

"The validity of a contract assailed for illegality is not determined by its formal incidents but by the nature of the transaction and the intent of the parties." *Corn Exchange Nat. Bank v. Jansen*, 70 Neb. 579.

On the witness-stand defendants in the present case brazenly testified to the details of the unlawful acts pleaded by them in their answer. Their testimony connected plaintiff with those crimes. If defendants are worthy of belief, there is evidence tending to prove that plaintiff, for the purpose of procuring whiskey in violation of law for illegal resale, made defendants the instruments of his lawlessness, furnished them $1,000 to carry out his evil purpose, and took their note to get the money back, if their dangerous mission should result in their being killed before making their precarious investment. Judicial scrutiny goes beyond mere legal forms to facts indicating intention and purpose. From the testimony of defendants, if believed, it may be inferred that the furnishing of the $1,000 and the receiving of the note were incidents or inherent parts of the unlawful transactions pleaded as a defense. The testimony of defendants in admitting their own crimes is uncontradicted. Plaintiff, instead of taking the witness-stand and contradicting the testimony connecting him with the lawlessness to which defendants testified, moved for a directed verdict in his favor. The peremptory instruction was clearly erroneous. Whether defendants were worthy of belief, the inferences to be drawn from their testimony, if believed, and the weight of the oral proofs, when considered with the note signed by defendants and put into the hands of plaintiff, were questions for the jury. For the error in directing a verdict in favor of plaintiff, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.

Note—See Appeal and Error, 4 C. J. p. 943, sec. 2918; p. 1022, sec. 3008; Bills and Notes, 8 C. J. p. 241, sec. 380.