E. P. VAN KIRK, APPELLEE, V. EDWARD L. BECKLEY ET AL., APPELLANTS.

FILED APRIL 22, 1932. No. 28181.

*W. A. Meserve,* for appellants.

*Rice & Rice, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, DAY and PAINE, JJ., and LOVEL S. HASTINGS, District Judge.

HASTINGS, District Judge.

This is a proceeding of garnishment after judgment in aid of execution. The appellee, E. P. Van Kirk, recovered a judgment in the district court for Antelope county against Edward L. Beckley, one of the appellants herein, for the sum of $1,655.50. On March 13, 1930, a transcript of said judgment was filed in the district court for Knox county. Thereafter an execution was is-

sued out of said court on said judgment and returned unsatisfied. On August 4, 1930, the plaintiff commenced this proceeding in said court in aid of said execution by filing an affidavit of garnishment, in which it was stated, among other things, that one Bernard J. Huigens, one of the appellants herein, had in his possession and control more than $500, the property of the defendant, Edward L. Beckley, not exempt by law. On said day the court made an order that said Bernard J. Huigens appear on the 6th day of October, 1930, at the hour of 10 o'clock a. m. to answer concerning said money and other property of the defendant, Edward L. Beckley. On August 5, 1930, copies of said orders were personally served upon the garnishee and the defendant, Edward L. Beckley. The garnishee answered on the 4th day of October, 1930, admitting that during the month of October, 1929, a certain sum of money belonging to the defendant, Edward L. Beckley, came into his possession; that he had disbursed all of said sum excepting the sum of $500, which amount was retained by him for the purpose of protecting himself against an order issued by the defendant, Edward L. Beckley, purporting to assign the sum of $350 with interest thereon. He further alleged that Beckley instituted an action in the county court of Knox county against him to recover the said sum of $500, and that one Ed O'Shea intervened in said action claiming to be the owner of said order or assignment, and in said action recovered judgment against him on the 1st day of July, 1930, for the sum of $374 and costs, and that said case was appealed to the district court for Knox county and is pending therein; that he could not safely pay out said money, and requested that he be not required to make personal appearance until said matter was fully adjusted. On the 6th day of October, 1930, at the time fixed in the order or summons of garnishment, the matter came on for hearing and the court entered an order finding, on the pleadings of the plaintiff and the answer of Bernard J. Huigens, as garnishee, that said Huigens, as garnishee, had in his hands the sum of $500 not exempt

from execution belonging to the defendant, Edward L. Beckley, and ordered that said amount should be applied to appellee's judgment. Thereafter on the 4th day of December, 1930, all the parties being present in court and not objecting thereto, it was found by the court that said order of October 6, 1930, did not correctly state the facts and the same was ordered corrected so as to show that it was based upon evidence offered, and that Ed O'Shea, claimant to a part of said fund and assignee thereof, stated in open court that he waived any claim to any money or funds in the hands of the garnishee, Bernard J. Huigens, as against any claim or judgment held or owned by the plaintiff, E. P. Van Kirk. This order was not included in the transcript as originally filed herein. The appellee filed a motion asking that a certified copy thereof be made a part of the transcript; this motion was submitted at the time of the argument of this cause. The motion is sustained and the order is made a part of the transcript. On the 25th day of October, 1930, the garnishee, Huigens, filed a motion to vacate the order of October 6, 1930, requiring him to pay the $500 in his hands to the appellee. The grounds of said motion being, in substance, the same as his answer filed prior to the entry of the order of October 6, 1930, except for the additional ground that the money ordered to be paid was exempt and claimed as such by the defendant, Beckley. The defendant, Beckley, also filed a motion to set aside and vacate said order claiming the money in the hands of the garnishee as exempt. The only evidence offered in support of said motions was evidence in support of the claim of exemption. Both motions were overruled; from said rulings said parties have appealed.

The three principal assignments of error upon which the garnishee, Huigens, relies are: (1) That the court erred in entering the order of October 6, 1930, on the pleadings; (2) in rendering any order or judgment herein on the ground that said property was already in the custody of the court in another case; (3) in not ordering that Ed O'Shea be made a party defendant herein.

The assignments will be considered together. As the record now stands it appears that the order of October 6, 1930, was not based solely on the pleadings; it was made on the answer of the garnishee wherein he admitted he had $500 of funds in his hands which, but for a purported assignment to one Ed O'Shea, belonged to the defendant. O'Shea having, in open court, waived and disclaimed any right to said fund in the hands of the garnishee, the situation presented was the same as if the garnishee had answered unequivocally that he had $500 in his hands belonging to the defendant Beckley.

Where the answer of a garnishee, as in this case, admits that he has funds in his hands which, but for a purported assignment made before the commencement of garnishment proceedings, belonged to the judgment debtor, and the assignee appears in open court and waives all his rights under such assignment to the fund or any part thereof, the court was empowered under section 20-1061, Comp. St. 1929, to immediately enter an order for the payment of the amount admitted to be due the judgment debtor for the satisfaction of the judgment or a part thereof. *Peterson v. Kingman,* 59 Neb. 667.

After an assignee has disclaimed and waived all rights to funds garnished under an assignment by the judgment debtor, the garnishee is not required nor may he thereafter assert as a defense to said garnishment proceedings any rights in the assignee under his assignment. 28 C. J. 283.

Prejudicial error does not appear from the failure to make O'Shea a party, although it would have been proper to have done so. While not bound by the order as an adjudication, yet by the express waiver of his rights under his assignment he is estopped thereby from thereafter successfully asserting any claim to the fund or any claim against the garnishee under his alleged assignment. 21 C. J. 1148; *Blodgett v. McMurtry,* 34 Neb. 782; *Newman v. Mueller,* 16 Neb. 523; *Kirkendall v. Davis,* 41 Neb. 285; *Henderson & Johnson v. Hooper Sugar Co.,* 65 Utah 241.

It is contended by counsel for the garnishee that the fund sought to be garnisheed was *in custodia legis* and not subject to garnishment. It is disclosed by the record that the appellant Beckley commenced an action in the county court of Knox county against the garnishee herein to recover the $500 which it was alleged belonged to Beckley. The assignee, O'Shea, intervened in that action and claimed the fund in the hands of the garnishee, Huigens, under his assignment. On a trial in that court O'Shea obtained judgment against both Beckley and Huigens. An appeal was taken by both parties therefrom to the district court and said action was pending in that court at the time the garnishment proceedings were commenced. The money was in the hands of the garnishee, Huigens, at all times and had never been paid into any court, and at the time the garnishment proceedings were commenced there was no order of any court requiring him to do so. This was the situation at the time he answered in the garnishment proceedings, and with O'Shea waiving any right under his assignment the garnishee cannot be heard now to assert that the funds in his hands are *in custodia legis*. Prejudicial error does not appear in the matters complained of by the garnishee.

Error is assigned by the appellant Beckley in the denial of his claim of exemption. An examination of the evidence offered in support of this claim shows it to be without merit.

On the 6th day of October, 1930, the day the order was made requiring the garnishee to pay the appellee the funds in his hands, the appellant Beckley, acting under the advice of his then attorney, conveyed 160 acres of land owned by him in Antelope county, Nebraska, to one Bloom for an alleged consideration of $1. He and his wife had lived upon this land as his homestead for many years. Sometime prior to April 23, 1930, he and his wife moved to Knox county. After their removal to Knox county the appellee had an execution issued on his judgment and levied upon the land that had been occupied by the appellant Beckley as his homestead. Beck-

ley, to prevent the sale of the land under execution, successfully claimed it as his homestead. His affidavit made on April 23, 1930, claiming the land as his homestead stated that he had not abandoned the same but intended to return and reside thereon, and that the same was not subject to sale. There is no evidence that he abandoned his homestead in Antelope county prior to the service of order of garnishment upon him on the 5th day of August, 1930, or in fact up to the time that he conveyed it on October 6, 1930. It appears from the evidence that the sole purpose of the appellant Beckley in conveying the land that he claimed as a homestead was that he might claim the money in the hands of the garnishee as exempt. We have held: "Whether property in the hands of a garnishee is exempt or not is to be determined as of the date of the service of the garnishee summons." *Wilcox & Co. v. Deines,* 119 Neb. 692.

Where at the time a garnishee summons is served the property thereby impounded is not exempt, a debtor cannot afterwards by transferring his property render the property in the hands of the garnishee exempt. *Kilpatrick-Koch Dry Goods Co. v. Callender,* 34 Neb. 727.

The claim of exemption was properly denied. The judgment is right and is

AFFIRMED.