.PATRICIA TIGHE, APPELLEE, V. INTERSTATE TRANSIT LINES, APPELLANT.

FILED NOVEMBER 22, 1935. NO. 29626.

*Dressler & Neely* and *H. J. Lutz,* for appellant.

*Mossman, Anderson & Meissner* and *John A. McKenzie,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOSS, C. J.

This is the second appearance of this case here. *Tighe v. Interstate Transit Lines,* 127 Neb. 633, 256 N. W. 319.

On this trial Patricia Tighe obtained another judgment against defendant for damages for personal injuries alleged to have been caused by the negligence of defendant while she was riding in a bus owned and operated by Interstate Transit Lines. Defendant appealed.

Defendant's answer set up a release signed and delivered by plaintiff. The reply sought avoidance of the release on two grounds: First, that it was secured by fraud and deceit of defendant; and, second, that it was "obtained under a mutual mistake of fact had by each of the parties as to injuries unknown and also as to the severity of certain injuries which the plaintiff had received." In the cause formerly reviewed, the district court had instructed the jury on the issue of mutual mistake but gave no instruction on the issue of fraud. Appellant

assigned error because the court instructed the jury on the issue of mutual mistake but was here held to be estopped because it had requested an instruction on the subject of mutual mistake which, though in terms refused, yet invited an instruction on the subject. Appellant's assignment that the court erred in not instructing the jury on the pleaded and litigated issue of fraud and deceit in obtaining the release was held good and the cause was reversed for that prejudicial error. The pleadings appear to be the same on this trial as in the former one. The evidence appears to be substantially the same.

The petition alleged six acts of negligence. One was: "In that the operator of said bus had been kept so long on duty that he was sleepy and unfit to drive said bus at the time of said accident, said driver having been on duty as a driver for approximately eleven hours."

In stating to the jury the issues the court used the exact language above quoted as one of the claims of negligence (all of which were given in the instruction) ; and in a later instruction told the jury, in substance, that if plaintiff established the fact by a clear preponderance of the evidence that she was injured and more or less permanently impaired because of "the claims of her petition, or one or more of them, that are stated to you as her claims," then she would be entitled to a verdict.

Appellant stated in its brief and in the oral argument that there was absolutely no evidence that the operator of the car was sleepy and that the bus was overturned because of any such condition of the driver. In plaintiff's brief and oral argument there was no help given us on this particular subject. The only witness called to the stand to prove negligence in the operation of the bus was plaintiff. We do not find that she made any reference to the driver's unfitness because of loss of sleep. The driver of the bus testified that he slept from shortly after noon, started his trip of 268 miles to Belle Plains, Iowa, at 9 o'clock that night and the accident happened at 6:30 the next morning. The effect of his testimony is to negative the idea that he

was sleepy. He was not cross-examined. So this charge of negligence had no evidence to support it.

The court refused an instruction, tendered by defendant, that there was no competent evidence to support such charge of negligence and that the jury should disregard it in arriving at their verdict. It is well settled that it is erroneous to submit to the jury a material issue upon which there is no evidence. *Zancanella v. Omaha & C. B. Street R. Co.,* 93 Neb. 774, 142 N. W. 190; *First Nat. Bank v. Brown,* 81 Neb. 669, 116 N. W. 685; *Parker v. Wells,* 68 Neb. 647, 94 N. W. 717. The submission of such a charge of negligence without evidence to support it and with the instruction of the court that, if they found any of the charges of negligence true, they might render a verdict for plaintiff, led the jury to believe there was evidence to support this charge. For aught we know this may have been the charge of negligence on which the jury fixed liability on defendant. The instruction was prejudicially erroneous.

Defendant asserts error in that the trial court overruled its motion to require plaintiff to elect whether she would seek to avoid the release pleaded in defendant's answer on the ground that the release was obtained by a mutual mistake of fact, or on the ground that it was obtained by false and fraudulent representations; and that the court erred in submitting to the jury the issue as to a mutual mistake of the parties in the matter of the release.

Plaintiff argues that the trial court was directed by the opinion and mandate in the former hearing to submit to the jury the issues on both mutual mistake and fraud. But the opinion on the former appearance of *Tighe v. Interstate Transit Lines* did not in terms go so far as that. In literal effect it merely held defendant estopped, by reason of its act of requesting an instruction on mutual mistake, from objecting to that subject as an issue on that trial. On this trial the facts as to proceedings are quite different on that subject. On this trial defendant has consistently maintained its right to present here the question as to whether plaintiff may have both subjects of mutual mistake and fraud submitted to the jury.

The plea of the reply in seeking to avoid the release on the two grounds is in the nature of a defense. The rule is that more than one defense may be interposed to the same cause of action, provided they are not inconsistent with each other; they are not inconsistent unless the proof of one necessarily disproves the other. *Blodgett v. McMurtry*, 39 Neb. 210, 57 N. W. 985; *People's Nat. Bank v. Geisthardt*, 55 Neb. 232, 75 N. W. 582; *Hilmer v. Western Travelers Accident Ass'n*, 86 Neb. 285, 125 N. W. 535; *Ford & Isbell Lumber Co. v. Cady Lumber Co.*, 94 Neb. 87, 142 N. W. 300; *Maier v. Romatzki*, 95 Neb. 76, 144 N. W. 1036; *Schellpeper v. Sporn*, 112 Neb. 192, 198 N. W. 1012.

Whether two defenses are inconsistent depends upon the facts of each particular case, to which the test is to be applied, to determine whether the proof of one issue disproves the other. In the instant case the release was secured from plaintiff by a claim agent. He made representations as to the extent of her injuries and as to the likelihood of their permanency, based upon what he either believed to be the facts or, knowing better, fraudulently represented to be the facts. His representations were detailed to the jury in the evidence. Whether they were true or false and whether he believed his representations to be true or knew them to be false were all matters to be decided by the jury, in order for them to determine whether the release was executed under a mutual mistake of the parties or because of fraudulent representations of defendant for whom the claim agent was acting and who was bound by what he said and did.

Defendant cites *Seymour v. Chicago & N. W. R. Co.*, 181 Ia. 218, 164 N. W. 352, and *Malloy v. Chicago G. W. R. Co.*, 185 Ia. 346, 170 N. W. 481, as authority that it is impossible to sustain a charge of "deliberate fraud" and also that there was a mutual mistake as grounds of avoiding a contract of release and settlement. In both cases plaintiff had a directed verdict. The first case held, in syllabus 8, "A trial in the lower court on the theory of *deliberate fraud* will not be reviewed on appeal on the theory of an *honest*

*mutual mistake;"* and, in syllabus 9, "Defenses which are not merely inconsistent with but *destructive* of each other are not allowable." In the body of the opinion it is stated that the statute permits inconsistent defenses but further says that permission does not allow defenses which are not merely inconsistent with but destructive of each other; that it is impossible to sustain a charge of deliberate fraud and also that there was an honest mutual mistake. The judgment was affirmed. In the second case it was held that statements by the company physician that plaintiff was all right and could go to work were statements of a present fact and even if unintentionally untrue were sufficient to avoid a release entered into in reliance upon the statements; and that inconsistency in pleading both fraud and mutual mistake may not be urged for the first time on appeal. The judgment was reversed. We do not find these cases necessarily contrary to our holdings. Even if they might be considered so, we would not feel bound to follow them unless they were qualified by our holdings that the test is whether the proof of one issue necessarily disproves the other.

Assuming that the proofs are the same on the issue of mutual mistake as on fraud, that is to say, that the jury might conclude from the proofs either that plaintiff and defendant made an honest mutual mistake in respect of the release or that defendant made what amounted to legally fraudulent representations to secure that release, it would result in injustice if the jury reached a conclusion that had no allegation in plaintiff's petition to support that conclusion. To take the position that plaintiff must elect which issue she will use might result in just that situation. We refuse to do this. There was no error under the state of facts existing here in submitting to the jury the issue of mutual mistake and the issue of fraud in the matter of the release.

There was a serious conflict of evidence as to whether plaintiff's chief injuries were not received in some other way, at some other time than when defendant's bus overturned. No doubt she was hurt there to some extent and

was entitled to some damages for her injuries. There was sufficient evidence to go to the jury.

For the reasons set forth the judgment is

REVERSED.